# BROWN

## *v.*

## BROWN.

*(Supreme Court of Appeals of Virginia, Feb. 13, 1896.)*

[24 S. E. Rep. 238.]

**Divorce—Alimony—Discretion of Court.\***

The allotment of alimony is within the discretion of the court.

**Same—Same—Valid Marriage.**

One who failed to prove a valid marriage, in an action for divorce, cannot complain of a refusal to allow suit money and alimony.

**Same—Depositions—Waiver of Objections to.**

Objections to the reading of depositions in an action for divorce, on the ground of insufficient notice, cannot be raised on appeal, where no objection to the reading was made below, and the decree entered was indorsed by appellant's counsel.

**Same—A Mensa et Thoro—Decree.**

In an action for divorce a mensa et thoro, a decree declaring that there was no valid marriage between the parties is not equivalent to a decree annulling the marriage.

**Same—Same—Failure to Prove Valid Marriage—Custody of Children.**

Where no valid marriage was proven, in an action by a woman for divorce a mensa et thoro, she was competent to consent to a decree giving the custody of their children to defendant, who was shown to be a suitable person, and, having so consented, cannot complain on appeal that the court erred in making said decree.

Appeal from circuit court, Henrico county.

Bill for divorce by Sophia D. Brown against Joseph H.

---

\*See monographic note on "Divorce" appended to Bailey *v.* Bailey, 21 Gratt. 43 (Va. Rep. Anno.).

Brown. From the decree rendered, complainant appeals. Affirmed.

*P. A. L. Smith* and *S. B. Gin,* for appellant.

*Allen G. Collins,* for appellee.

CARDWELL, J., delivered the opinion of the court.

The appellant, by her next friend, J. B. Gaines, filed her bill of complaint in the circuit court of Henrico county, alleging a marriage between her and appellee about 12 years prior to the filing of the bill; that the marriage was solemnized in the city of Philadelphia; that at the time of the marriage the complainant was the mother of three children by her former marriage, and, at the time of the filing of her bill, two by the alleged marriage with appellee, the last two children being, respectively, 11 and 8 years of age; that after this alleged marriage she had lived with appellee in the city of Richmond up to the filing of the bill; and that she had been to him a true, virtuous, loving, and confiding wife. The bill then charges the defendant with unfaithfulness, cruelty, negligence, and abandonment, and prays a divorce from him a mensa et thoro; that the custody of the children be awarded to complainant, and that alimony be allowed her for the maintenance of the children and herself during the pendency of this suit, and that defendant be required to pay counsel fees; and that an injunction be granted (which was done) to restrain the defendant from disposing of his property. The defendant, Joseph H. Brown, filed his answer to this bill, in which he denies each and every allegation made therein, and especially denies that there had been a legal marriage between him and the complainant, and set forth that the complainant, who should be properly called Sophia Allison, for some time before and at the time of the alleged marriage with the defendant, was, and ever since had been, under a legal disability, and incapable to contract

a marriage, she being at that time the wife of one Joseph G. Allison, who was then, and still is, living, and that said marriage between Joseph G. Allison and Sophia D. Allison, who before that marriage was Sophia D. Channell, was still of full force, and had never been annulled or dissolved. With this answer the defendant filed as an exhibit, as he claimed, the original certificate of the marriage between Joseph G. Allison and the complainant, bearing date of August 31, 1864, and signed by a minister, showing that these parties were united in marriage in the city of Philadelphia, Pa., on that date. It is then prayed by the defendant that his answer be treated as a cross bill; that the said Sophia D. Allison, sometimes called Sophia Brown, be required to answer, etc. ; that the injunction awarded her on her original bill be dissolved ; that the alleged marriage between Sophia D. Allison and the respondent, Joseph H. Brown, be declared null and void, and not binding upon either party ; that the parties, by decree, be held as never having been married, and as never having been husband and wife ; that Sophia D. Allison has no interest or claim of any sort whatever to the property of the respondent ; and that the two infant children by the alleged marriage with respondent be given into the care and custody of the respondent, to be by him cared for and educated.     To this cross bill Sophia D. Brown filed her answer, and denies generally and specifically the allegations of the cross bill, and reiterates the allegations made by her in her original bill.     With reference to the alleged prior marriage set out in the cross bill, she says that before the marriage with Brown she had instituted divorce proceedings against Joseph H. Allison, and files a receipt showing that she had employed a lawyer to obtain a divorce from Allison, and that proceedings to that end were taken, and that, as she believes, the marriage with Allison had been annulled under the laws of Pennsylvania, and that, at the time of entering into the alleged marriage with Brown, she was informed by Brown that her marriage with Allison had been annulled.

Depositions were taken by appellee, Brown, and duly filed ; and upon the original bill, the answer thereto (treated as a cross bill) by the defendant, Brown, the answer of Sophia D. Brown to the cross bill, and the certificate showing the marriage of the appellant with Joseph G. Allison as alleged in the cross bill, and upon the depositions of witnesses, the cause was heard on Wednesday, the 13th day of July, 1892, when the circuit court of Henrico county decreed as follows :  " *   *   * On consideration whereof, it appearing to the court that the plaintiff, Sophia D. Brown, and said Jos. H. Brown, defendant, consent that said Exhibit B and said certificate signed by Joh. Emanuel Nidecker, being original certificates, may be read in evidence in this suit with the same force and effect as if produced and proven in a deposition, and it appearing to the court, from said certificate and Exhibit B, that the plaintiff, Sophia D. Brown, was, prior to her first marriage, Sophia D. Channell, and that she was legally married to Joseph G. Allison on the 31st day of August, 1864, and it further appearing to the court, from said depositions, that said Joseph G. Allison and Sophia D. Allison have lived together as, and were known and recognized as, husband and wife, for a number of years, and it further appearing to the court, from said depositions, that said Joseph G. Allison was living on the 15th day of January, 1880, and that he is still living, undivorced, the court doth adjudge, order, and decree that the alleged marriage between the said plaintiff, Sophia D. Allison, and said defendant, Joseph H. Brown, was at the time of said alleged marriage, on the 15th day of January, 1880, and now is, contrary to law, null, and void, and not binding upon either party thereto, and that said Sophia was then under a legal disability and incapable to contract a marriage, and that said Joseph H. Brown is declared not to be liable or responsible for the support or maintenance of said Sophia, and not liable for other obligations to said Sophia.   And the court doth adjudge, order, and decree that the injunction awarded in this cause be, and the

same is hereby, wholly dissolved ; and the court doth adjudge, order, and decree that the real estate and personal property of said Joseph H. Brown be and remain freed and clear from any and all claim, right, title, or interest of said Sophia D. Allison, styled in this suit Sophia D. Brown. And the court doth order, adjudge, and decree that the two children mentioned in the bill and proceedings, to wit, Carrie W. Brown and Lillie W. Brown, are legitimate, under the laws of Virginia ; and the court being satisfied that said Joseph H. Brown is the proper person to have the care and custody of said children, and able to bring up and educate said children properly, and with the consent in writing of said Sophia D. Allison, filed in the papers of this suit and made a part of this decree, the court doth adjudge, order, and decree that said Joseph H. Brown retain the custody of said children, and said Sophia D. Allison be and is hereby divested of all legal rights and obligations in respect to said children, Carrie W. Brown and Lillie W. Brown, and said children are freed and released from all legal obligations of obedience and maintenance in respect to her, and said two children are hereby declared to be entitled to all the rights and privileges, and subject to all the obligations, as the children of said Joseph H. Brown.'' From this decree an appeal was allowed to this court.

It would serve no good purpose to review all of the assignments of error contained in the petition for the appeal, as they are, with but few exceptions, without merit, and have no foundation in the record. I will, however, review briefly the following:

First. Errors assigned to the refusal of the court to allow suit money, temporary and permanent alimony, and counsel fees. Citation of authority is not needed for saying that appellant could have no marital rights in the property or estate of appellee unless there had been a valid marriage between them ; and, even where there has been a valid marriage, the allotment for alimony, counsel fees, etc., are matters within

the discretion of the court, to be exercised in reference to established principles of law relating to the subject, and upon an equitable view of all the circumstances of the particular case.    Bailey v. Bailey, 21 Grat. 57 ; Miller v. Miller (Va.) 23 S. E. 232.    This assignment of error is wholly without merit.

Second.  Errors assigned to the reading of the depositions taken on behalf of appellee, on the ground that the notice was improperly executed, and insufficient for want of time. It is sufficient to say that no objection was made to the reading of the depositions in the court below, and the decree entered, if not by consent, was indorsed by counsel for appellant, and it is therefore too late to make objection to the reading of the depositions in this court.

Eighth.  This assignment of error is put upon the ground that the decree divorces appellant from the appellee, when in fact the decree does not divorce the parties, but simply declares that there has been no legal and valid marriage between them. It is true that a decree annulling a marriage in a suit for a divorce a mensa et thoro would not be proper, but such is not the case here, the decree being that the appellant and appellee were never legally married ; that appellant was under a legal disability, and incapable to contract the alleged marriage with appellee ; and that appellee was not liable or responsible for her support or maintenance, and not liable for other marital obligations to her.

Tenth. This assignment of error is put upon the ground that the proof of the existence of the prior marriage, binding at the date of the decree between appellant and Joseph G. Allison, was not sufficient.    In addition to the fact that appellant nowhere denies her marriage with Allison, nor attempts to verify the statement made in her original bill as to her marriage with Brown, she admits, as the decree shows upon its face,  the genuineness  of  the  marriage  certificate

showing her prior marriage with Allison. Moreover, it is clearly proven by the depositions of witnesses that such a marriage was solemnized as set forth in the certificate; that appellant lived with Allison up to the time that she left Philadelphia with appellee, and had given birth to three children by this marriage; that she came away from Philadelphia with appellee, Brown, about 12 years prior to the taking of the depositions, and about the time she states that she came to Richmond, where she has since resided; that, at the time of her departure from Philadelphia with appellee, her husband, Allison, was then living and well known to the witnesses; and that Allison was living at the time of the taking of these depositions, some of the witnesses stating that they had been with him that very day. Hence this assignment of error cannot be maintained.

The only remaining assignment of error is to the action of the court below giving the infant children by the alleged marriage with Brown to the care and custody of Brown. This assignment of error is in the face of the fact that by a writing signed by appellant, and addressed to the honorable judge of the lower court, which is made a part of the decree appealed from, the children were committed to the care and custody of the appellee by the consent of appellant; appellee having been shown to be a suitable person to have custody of these infants, and able to provide for their maintenance and education. There having been no valid marriage between appellant and appellee, appellant was under no disability such as is imposed upon husband and wife by the statute (section 2260, Code Va.), and she was therefore competent to consent to the decree giving the custody of the children to appellee. There is no error in the decree complained of, and it is therefore affirmed.