## CIRCUIT COURT OF FAIRFAX COUNTY

Janet Sue Fulton

v.

Gregory Craig Fulton

December 28, 1984

Case No. (Chancery) 87732

### By JUDGE WILLIAM G. PLUMMER

In March, 1980, Janet Sue Fulton and Gregory Craig Fulton entered into a ceremony of marriage. Unknown to Janet, Gregory allegedly remained married to Deborah Lee Fulton until September, 1981. Thus, the supposed marriage would be prohibited by law (Va. Code Section 20-38.1) and be ". . . void, without any decree of divorce or other legal process." Va. Code Section 20-43.

In an amended Bill of Complaint Janet seeks a decree of annulment (Va. Code Section 20-89.1) and further seeks affirmative relief under the so-called Equitable Distribution Act (Va. Code Section 20-107.3).

Defendant's former counsel demurred to the latter claiming that it does not apply in cases of annulment. Section 20-107.3(A) states in part:

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, the court, upon motion of either party, shall determine the legal title as between the parties. . . .

It refers to a divorce decree and also to "the dissolution of a marriage." If that is not a divorce, what is it?

In *Henderson v. Henderson*, 197 Va. 121 (1948), the Supreme Court of Virginia interpreted Va. Code, 1942 (Michie), Section 5111, which stated in part:

> Upon decreeing the *dissolution of a marriage* and also upon decreeing a divorce whether from the bond of matrimony or from bed and board,. . . the court may make such further decree as it shall deem expedient concerning the maintenance of the parties or either of them, and the care, custody and maintenance of their minor children, and may determine with which of the parents, the children, or any of them shall remain. . . (Emphasis added)

*Henderson* was similar to the case *sub judice* in that it involved a marriage void *ab initio*. The Court relied in part on a Webster's Dictionary where "dissolve" was defined as "to annul; rescind; discharge or release; as to dissolve an injunction." It then stated at 128:

> Unless the words, "upon decreeing a dissolution of the marriage," in the opening clause of section 5111, refer to and mean decreeing the marriage to be void, they are wholly meaningless, since following them in the conjunctive are the words, "and also upon decreeing a divorce whether from the bond of matrimony or from bed and board."

The issue in *Henderson* was whether a court could decree as to the care and custody of children when decreeing a marriage null and void. Also involved was Va. Code, 1942 (Michie), Section 5270, which stated "The issue of marriages deemed null in law, or dissolved by a court shall nevertheless be legitimate." The Court held that the General Assembly intended Section 5111 to afford relief in cases of decrees of nullity as far as child support and custody was concerned.

When the General Assembly enacts a statute in language with a long history of definition by

this Court, we believe it intends that the words carry their historical construction. *Quintana v. Commonwealth*, 224 Va. 127, 140 (1982).

In *Bray v. Landergren*, 161 Va. 699, 706 (1934), the Court considered a woman's rights to seek alimony. Even though Section 5111 was then in effect with the identical opening clause, the Court stated:

> A marriage void *ab initio* is no marriage at all. The woman was never a wife and so there was no obligation upon the supposed husband to support her.

Also see *Brown v. Brown*, 2 Va. Dec. 308, 24 S.E. 238 (1896).

Did *Henderson* inferentially disagree with *Bray* and overrule *Brown*? Do we have a "long history of definition" as referred to in *Quintana*?

We must look at all the parts of Section 20-107.3 to discern the intent of the General Assembly.

20-107.3(A)(1) contains references to "before the marriage" and "during the marriage."

20-107.3(A)(2) defines "Marital Property" and speaks of property acquired "during the marriage."

20-107.3(E) sets forth certain factors for the court to consider, including:

> (3) The duration of the marriage.
>
> (5) The circumstances and factors which contributed to the dissolution of the marriage, specifically including any ground of divorce under the provisions of Section 20-91(1), (3) or (6) or Section 20-95. (Here the phrase which *Henderson* held to mean a decree of nullity is made by statute to include certain grounds of divorce.)

The Court is of the opinion that *Henderson* should be construed narrowly. While the General Assembly obviously intended Section 20-107.3 to apply to divorces, and perhaps to dissolution of voidable marriages, it did not intend its application in cases of decrees of annulment of marriages void *ab initio*.

If there was no marriage, how could the court determine what was "before the marriage," "during the marriage" and "the duration of the marriage"?

It is therefore decreed that the demurrer to the prayer for relief under Section 20-107.3 be, and the same hereby is, sustained and said prayer struck from the Amended Bill of Complaint.