1835.

BURR
*v.*
BURR.

## BURR *v.* BURR.

A feigned issue in divorce cases can only be made up to try the facts distinctly put in issue by the pleadings. General allegations are not regarded. Therefore, where a defendant recriminated generally, but gave neither time, person nor place, the court would not let the issue (applied for by the complainant) go to prove the complainant's conduct—although the defendant, when the issue was asked for, presented an affidavit stating names and declared he had been unable to put them in his answer.

Defendant, in an adultery case, took three months to put in his answer; and he therein, in general terms, recriminated by charging adultery, but was not specific. Three months afterwards he presented a petition setting forth the names, and stated his inability to give them when he filed his answer, and praying leave to amend in this particular. It was met by strong affidavits; and the motion was denied: the court considering it had a discretion in such cases.

*Feb. 23d,*
1835.

*Divorce.*
*Practice.*
*Feigned*
*issue.*
*Amendment.*

Bill by wife for divorce *a vinculo matrimonii*, on the ground of adultery. The defendant, in his answer, recriminated: but only gave a sweeping allegation of adultery committed by the complainant, without specifying name, time or circumstances. A feigned issue, on the application of the wife, was ordered ; and upon the making it up, the defendant presented an affidavit, setting forth that he had, since the filing of his answer, ascertained the names of parties with whom the complainant had committed adultery ; and he now asked that in making up the issue it might have reference to such acts of adultery by the wife.

Mr. *H. Wilson*, for complainant.

Mr. *O'Connor*, for defendant.

THE VICE-CHANCELLOR :—The feigned issue to be made up in this cause is to be confined to the charge in the bill of the defendant's having committed adultery with the female named therein. The other charge in the bill is too general and indefinite. If the names of persons are unknown, time

and place at least should be specified. (2 Paige's Ch. R. 113.) With respect to the recriminatory charge in the answer: it is likewise too general and indefinite to be the subject of an issue; nor can the affidavit be received to help it out. According to the words of the statute, a feigned issue is to be made up "for the trial of the facts contested by "the pleadings:" 2 R. S. 145, §. 40. The issue must be confined to the charges and denials contained in the pleadings; and in those relating to this cause, there is only one which is sufficiently definite, namely, whether the defendant has committed adultery with the person named.

———

On a subsequent day, the defendant presented a petition, *May 18th.* which (after referring to the above decision in relation to the feigned issue, and mentioning the names of persons with whom the defendant believed the complainant had committed adultery, and excusing himself from not mentioning them in his bill, on the ground of his not having been enabled to give them with sufficient certainty) prayed for leave to amend his answer by specifying the names of the persons with whom the complainant had committed adultery as alleged in the said answer; and for further relief.

Strong affidavits were put in to oppose the motion—as will sufficiently appear by a reference to the opinion of the court.

THE VICE-CHANCELLOR :—The complainant has succeeded in shewing, by affidavits read in opposition to this petition, the entire improbability of there being the least truth in these recriminatory charges. Nay, more : that they have been set on foot from the worst of motives, and are attempted to be supported through the agency of one Coverney by subornation and perjury.

There must be some discretion used in granting or refusing applications of this sort. In *Smith v. Smith*, 4 Paige's Ch. R. 432, the fact of the husband's adulterous intercourse, while he was carrying on the suit against his wife, and which the wife discovered after the trial of the feigned issue, and wish-

ed to set up in her defence, was not denied; and in such case it was the duty of the court, as the Chancellor observed, to give the defendant an opportunity to recriminate by way of defence. But where the charges are so fully denied and even disproved as in this case, I think it is not the duty of the court to extend to the party the favor (for he comes now to ask it as a favor) of making these recriminatory charges in a way that they can be put in issue. The defendant had upwards of three months allowed to him to put in his answer. Here was a sufficient time to have enabled him to obtain the information which he now alleges he has got, viz: the names of persons with whom the complainant has been connected criminally. If he has not now the opportunity of specifying names in his answer to the bill, I think he has no reason to complain.

The motion must be denied; costs may abide the event.