Statement.

### Staunton.

MILLER, BY &C. v. MILLER.

OCTOBER 8, 1895.

1. RES JUDICATA—*How Established.*—The defence of *res judicata*, made by answer, is sufficiently supported by the production of the record of the former suit between the same parties, touching the same matter, and showing a final decree therein on the merits.

2. CHANCERY PRACTICE—*Decree on Merits Silent as to Demurrer.*—If the decree disposing of the main issue of the cause makes no mention of the demurrer, the demurrer will be regarded as overruled

3. DIVORCE—*Adultery—How to Be Charged.*—A bill for divorce *a vinculo*, on the ground of adultery, which simply charges that the defendant " has been guilty of adultery on many occasions," is bad on demurrer. While the name of the person with whom the adultery was committed need not be stated, the bill should state time, place, and circumstances, so as to enable the defendant to disprove the charge.

4. ALIMONY—*Discretion of Court.*—The amount of alimony to be decreed is within the sound discretion of the trial court, to be fixed according to established principles, and upon an equitable view of all the circumstances of the particular case.

Appeal from a decree of the Circuit Court of Warren county, pronounced February 26, 1894, in a suit in chancery wherein the appellant, Emma C. Miller, by her next friend, was the complainant, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*O'Flaherty & Fulton* and *M. L. Walton,* for the appellant.

*John J. Williams,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

Appellant and appellee intermarried March 7, 1888, and lived together in the county of Warren until November 19, 1888, when appellant left her husband's home and returned to her father's, in the county of Page, where she has since remained.

In March, 1889, she filed her bill of complaint in the Circuit Court of Warren county, praying a divorce from appellee *a mensa et thoro*, on the ground of cruelty, intemperance, and abandonment, and asking for alimony. At April rules of that year appellee demurred to and answered the bill fully, and in denial of all its charges.

February 24, 1890, the cause was heard on the bill, answer, and general replication thereto, and the arguments of counsel, when the court dismissed the bill, there being no evidence sustaining the charges therein.

In August, 1891, appellant filed her bill again in the Circuit Court of Page county, praying an absolute divorce from appellee, but, as this bill was dismissed at the April term, 1893, on a plea to the jurisdiction of the court, we need not notice it further.

In May, 1893, she for the third time sued appellee for a divorce *a vinculo matrimonii*, upon the same grounds as in her second suit, and upon the same as in her first, except the additional charge of adultery. By the last bill filed, appellant, in addition to asking for an absolute divorce and alimony, prayed for and obtained an injunction against appellee's making sale or disposition of his property until the further order of the court.

February 26, 1894, the cause came on to be heard upon this third bill of complaint, defendant's demurrer thereto, and joinder therein, and upon the plea of *res adjudicata* as set up in the answer of defendant, and supported by the record

of the former suit between the same parties, disposed of by final decree therein entered at the February term, 1890, made an exhibit with the answer. Whereupon the court decided "that the relief prayed in the bill, upon all the grounds set forth therein, except that of adultery, is barred by the former suit, upon the aforesaid plea of *res adjudicata*, and that the allegations of said bill as to its said ground of adultery are not sufficient in law"; and dismissed the bill with costs against defendant, including a fee of $50 to complainant's counsel, and decreed alimony *pendente lite* to her of $150.

The first contention of appellant upon this appeal is that the plea of *res adjudicata* should not have been sustained, because uncertain, indefinite, and insufficient in law. The plea, we think, is sufficient. It related directly to the allegations of the bill in the first suit, disposed of by final decree therein, and is supported by the answer of the defendant and the exhibit of the record in the former suit. 1 Barton's Ch. Pr., sec. 114.

The further contention that the plea could not be sustained because it does not show that the cause did not go off on the demurrer, cannot be maintained, because of the rule universally recognized that, if no mention is made of the demurrer in the decree disposing of the main issue, it will be taken as overruled.

Error is also assigned to the ruling of the court below in sustaining the demurrer to the charge of adultery contained in the bill. The charge is as follows: "Your oratrix is now informed, believes, and charges that since her said marriage her said husband has been guilty of adultery on many occasions, and that she has not lived or cohabited with him since she so learned that fact." A charge could not be more general in its nature than this. It is vague, indefinite, and fails to give to the defendant such notice of the charge that he is to meet as is necessary to enable him to prepare to meet it.

In the case of *Wood* v. *Wood*, 2 Paige 113, where by the answer the recriminating charge of adultery was made, Chancellor Walworth says: " The only safe and prudent course is to require the charge, whether of crimination or recrimination, to be stated in the pleadings and in the issues in such a manner that the adverse party may be prepared to meet it on trial. If the persons with whom the adultery was committed are known, they must be named, ⁎ ⁎ ⁎ and the adultery must be charged with reasonable certainty as to time and place. If they are unknown, the fact should be stated, ⁎ ⁎ ⁎ and the time, place, and circumstances under which the adultery was committed should be set forth. Neither party has the right to make such a charge against the other on mere suspicion, relying on being able to fish up testimony before the trial to support the allegation. When information sufficient to justify the charge is given, the party will be possessed of the requisite facts to put the charge in a distinct and tangible form in the record." See also Bishop on M. & D. (8th ed.), sec. 606; *Clutch* v. *Clutch*, 1 N. J. Eq. 474; *Burr* v. *Burr*, 2 Edw. Ch. 448 ; *Marsh* v. *Marsh*, 84 Amer. Dec. 168.

We do not, however, agree that the name of the person with whom the adultery was committed need be given, but in all other respects we concur fully in the rule as stated by Chancellor Walworth, and, therefore, we are of opinion that the demurrer to the bill, as to the charge of adultery, was properly sustained by the court below.

The only remaining question to be disposed of on this appeal is as to the fee allowed counsel for appellant, and the alimony decreed to her ; the contention being that it is insufficient.

The allotment for alimony is a matter within the discretion of the court, to be exercised in reference to established principles of law relating to the subject, and upon an equitable

view of all the circumstances of the particular case. *Bailey* v. *Bailey*, 21 Gratt. 57, and authorities cited.

The record in the case at bar fails to show any ground for this court to interfere with the judgment of the court below as to alimony, and, upon a review of the whole case, we are of opinion that there is no error in the decree complained of, and it must, therefore, be affirmed.

*Affirmed.*