PAULINE SCHULTZ VON BERNUTH

*v.*

FREDERICK AUGUSTUS VON BERNUTH, JR.

[Submitted October 27th, 1909. Decided November 11th, 1909.]

1. Defendant in a suit for divorce may plead in bar a matrimonial offence committed by complainant which accrued after the filing of the original bill.

2. A defendant in a suit for divorce may plead by cross-bill a matrimonial offence, entitling him to a divorce, which had not accrued when the original bill was filed, but which did accrue prior to the filing of the cross-bill, and obtain the same relief which he might have obtained by filing an original bill as of the same date.

3. Where plaintiff in a suit for divorce was a *bona fide* resident of New Jersey, and defendant, a resident of New York, duly appeared and answered, the court had jurisdiction to grant defendant a divorce on a cross-bill without personal service of process on the original complainant under chancery rule 206a providing for relief to defendants in chancery, in so far as the same had not been modified by the Divorce act.

4. Where a wife in a bill for divorce made charges of matrimonial offences against her husband sufficient, if true, to have warranted his indictment and punishment, by the criminal courts, and repeated and enlarged the same in an amended bill, but on the trial after the filing of a cross-bill by the husband demanding a divorce for desertion, which did not accrue until some time after the filing of the wife's bill, she declined to produce any evidence in defence of her husband's claim or to prove her own charges, she would be regarded as having filed her bill in bad faith, and hence was not entitled to set up the filing thereof in bar of her husband's right to a divorce because the grounds had not accrued at the time of the filing of her bill.

On final hearing on petition for divorce, answer, cross-bill, replication and proofs.

*Mr. Thomas L. Raymond,* for the petitioner.

*Messrs. Sommer, Colby & Whiting,* and *Mr. Charles H. Strong* and *Mr. Clinton H. Blake, Jr.* (of the New York bar), for the defendant.

HOWELL, V. C.

The controversy in this case arises out of a suit for divorce. In order to decide the questions raised it will be necessary to examine the course of pleading and practice which was followed. On October 5th, 1908, the wife filed her petition alleging constructive desertion by the husband on June 2d, 1906. This pleading contained a large number of allegations of fact tending to show that the wife was driven from her home by the cruelty and malicious acts of the husband and by threatening language to her and the two children of the marriage. On October 21st, 1908, she filed an amended petition in which she repeats and

amplifies her accusations against her husband, and insists on a constructive desertion on June 2d, 1906, the day named for the purpose in the original petition. The citation on file was issued October 24th, 1906, and was returned not served, whereupon on November 25th, 1908, the usual order for publication to effect substituted service was made by which the husband was required to answer the petition on or before January 26th, 1909. On January 20th, 1909, he, by one of the solicitors of this court, took an order extending his time to answer for twenty days after the expiration of the time allowed therefor by the order for publication; and on February 13th, 1909, he took another order granting him twenty days additional. On February 24th, 1909, he entered a regular appearance and filed his answer by which he denied all the material allegations of the petition and alleged that the wife had deserted him on March 19th, 1907, setting up this offence in bar of her petition. No replication appears to have been filed to this answer. On May 5th, 1909, the husband filed what is styled an "amended answer and cross-petition," again setting up the wife's desertion of him on March 19th, 1907, and alleging by way of cross-petition that the wife had deserted him on the day last named without his fault and against his protest, and praying that he might be granted a divorce from the wife on that ground. The files do not show that leave of the court was applied for or given to the husband to file this answer and cross-bill, but upon question being made as to its regularity the solicitors for the respective parties on June 7th, 1909, agreed by stipulation on file that the said "amended answer and cross-petition should be deemed to be duly filed as within time and should in all respects be treated as the defendant's answer and cross-petition in the cause." On July 1st, the wife filed her replication, joining issue on the cross-petition and denying the desertion charged by it.

It thus appears that the desertion of which the wife complained had ripened into a complete and suable cause of action at the time of the filing of her original petition; and it will be likewise observed that at that time the desertion of which the husband complains had not ripened into a complete and suable cause of action, but that it matured thereafter and before the

filing of the cross-petition by the husband. In other words, the husband's cause of action had not accrued at the time of the filing of the original petition, but had accrued at the time of the filing of the cross-petition. The cause came on for final hearing in October, 1909. Upon the call of the case counsel for the wife declined to proceed on the petition. The husband's counsel thereupon moved to dismiss the petition, and, at the same time, moved the hearing on the cross-petition. The court directed that the wife's petition be dismissed, and ordered the hearing on the cross-petition and the replication thereto to proceed. The husband adduced his proofs and rested, whereupon counsel for the wife announced that she would make no defence to the cross-suit, giving reasons therefor which are not pertinent to the present inquiry. The defendant's proofs fully sustain the allegations of the cross-petition and entitled him to relief on the facts. Whether or not he may have a decree in his favor on the cross-petition depends upon a solution of these questions of law—*first,* is it competent for a defendant in a divorce proceeding to set up in bar of the suit a matrimonial offence committed by the complaining party which accrued after the filing of the original petition? *Second,* can the defendant in such suit set up the same facts by way of cross-petition and obtain a decree thereon, or may the defendant interject the new fact into the old suit and obtain the same relief which he might have obtained by filing an original petition as of the same date?

There are other questions incidental thereto, as—*first,* whether jurisdiction of the cross-petition may be acquired by this court under the present Divorce act except by personal service of process upon the original petitioner; and *second,* whether the time during which the wife's petition for divorce was pending can be computed as part of the two years' desertion necessary to give validity to the husband's cause of action?

In *Fuller* v. *Fuller (1886), 41 N. J. Eq. (14 Stew.) 198,* there was an application made for leave to file a supplemental answer for the purpose of setting up a matrimonial offence committed by the petitioner since the filing of his original petition.

It appeared satisfactorily to the court from the moving papers that the defendant had stated therein a case which the court should investigate, and permission was given to file a supplemental answer setting up the petitioner's adultery since the suit was begun. Vice-Chancellor Van Fleet says: "Adultery committed after a suit is brought is just as effectual as a bar as that which may have been committed before. Indeed, the latter would seem to be more offensive to the purity and decency which the law requires those who seek its help to observe than the former. I have been unable to find any case in which an application like that which the defendant now makes has been denied. In *Brisco* v. *Brisco, 2 Add. 259,* a wife was allowed to charge her husband with having committed adultery pending the suit nearly seven years after its institution. In *Moors* v. *Moors, 129 Mass. 232,* it was held where a husband who had obtained a provisional decree entitling him to a divorce in the future, but not dissolving his marriage *eo instante,* and he subsequently, under an honest belief that he had a right to do so, married again, that his having sexual intercourse with the woman whom he supposed he had lawfully married constituted adultery and barred his right to a divorce." See *Smith* v. *Smith, 4 Paige 432,* and *Burr* v. *Burr, 2 Edw. Ch. 449.* This case does not appear to have been referred to nor its authority called in question, and I shall assume that it expresses the settled law of this state. Nor, indeed, do I see how it could be held otherwise. If the final decree in a cause fixes the rights of the parties as of its date it would seem to be consonant with the principles of justice that every right and every defence to which either of the parties was entitled at any time before the date of the decree should be considered. And this leads to the second question, whether the defendant may, by his cross-petition, allege facts which would operate as a bar to the original petition if pleaded by way of answer, and base thereon a final decree in favor of the cross-petitioner. Before proceeding with this branch of the case I will pause to remark that the testimony showed that the wife was actually domiciled in New Jersey and that the husband was residing in New York. Objection was made in *Abele* v. *Abele (1901), 62 N. J. Eq. (17 Dick.) 644,* that a decree could not

be made on the cross-petition of a non-resident defendant, but it was held that the jurisdiction attached by virtue of the statute which was then in force. The statute now in force (section 6a) confers jurisdiction as broadly as did the act referred to in the *Abele Case*. The current of authority is in favor of the proposition that, even in the absence of an enabling statute, non-residents who are brought into court to answer a complaint may prefer their own complaints and obtain the proper relief thereon. *Clutton* v. *Clutton, 108 Mich. 267; Jenness* v. *Jenness, 24 Ind. 355; 87 Am. Dec. 335.* Our chancery rule 206a, in so far as it has not been abrogated by the present Divorce act, does not exclude non-resident defendants from its operation, and its terms are certainly broad enough to include them. The reason is that when the defendant is once personally brought into court he is there for all purposes that relate to the cause of action embraced within the scope of the suit.

This rule (206a) has a bearing upon the second question herein above stated and also on the question of jurisdiction. It unifies the practice in divorce cases with that prescribed in cases arising under the general equity jurisdiction of the court. Its terms include all defendants, non-resident as well as resident. It dispenses with the actual service of process and provides a short and simple method of reaching an issue. The defendant under this rule

"may set up in the answer matter which would be a proper subject of a bill of complaint or a petition, and may obtain such relief thereon as he or she would be entitled to upon a separate bill or petition against the complainant or petitioner," &c.

In the case at bar the requirements of this rule seem to have been met. The defendant did set up in his answer matter which would have been a proper subject of a petition, and he seeks to obtain the same relief thereon that he would have been entitled to on the same facts if he had filed an independent petition. He has alleged and proved a desertion by the wife which had ripened into a cause of action at the time of the filing of the cross-petition. Under the authority of *Fuller* v. *Fuller, supra,* these facts are competent as a defence and are admissible in evi-

dence for the purpose of barring the petitioner's suit even though the right accrued after the filing of the original petition. And with the greater reason may these facts be interposed as a defence and be alleged by way of cross-petition for affirmative relief in a case where the right has accrued and the cause of action has become suable prior to the filing of the amended answer and cross-bill.

Counsel have cited cases from other jurisdictions which illustrate the application of the argument to pertinent facts. In *Martin* v. *Martin, 33 W. Va. 695; 11 S. E. Rep. 12,* the petitioner sought a divorce on the ground of adultery. The defendant answered and filed a cross-bill praying for a divorce against the petitioner on the ground of desertion, although at the time of the filing of the original bill the statutory period of desertion had not elapsed. It had elapsed, however, before the defendant filed his cross-bill. This is a state of facts precisely similar to those in this case. The court granted a decree on the cross-bill, stating in the opinion that "At the time the original bill was filed by the plaintiff the period of three years had not elapsed since the said plaintiff left the house of the defendant, and when that time did elapse he found it necessary to file his cross-bill in order to then allege willful abandonment and desertion of himself by the defendant for three years as a ground for divorce from the said plaintiff. * * * This cross-bill was filed by said defendant for the purpose of obtaining relief which he could not have obtained by an answer in the original suit because at the time the said suit was brought the circumstances did not exist which would entitle him to relief, and this made the cross-bill necessary in order that this might be alleged and full relief might be granted the plaintiff in said cross-bill touching the matters of the original bill." In *Neddo* v. *Neddo, 56 Kan. 507; 44 Pac. 1,* the court held in a case where a cross-petition was filed setting up abandonment of the defendant by the plaintiff that the period of abandonment necessary to give the cross-petitioner a right of action did not terminate with the commencement of the original action, but that it extended to the time of the filing of the cross-petition. The obvious reason is that it is absurd that the defendant should be

involved in two suits embracing the same facts and be compelled to prove them, first, as a defence, and secondly, as a ground for affirmative relief; and further, that this court having once rightly obtained jurisdiction over the parties and the subject-matter of the litigation, will proceed to hear the whole case, and measure out justice to the parties once for all on the facts alleged and proved.

If it be objected that the filing of the cross-petition and amended answer rests wholly in the consent of the parties by reason of the stipulation that was entered into, and that no divorce can be granted in this case because of the well-settled rule that no divorce will be granted upon any consent of the parties, it may be said that if application had been made to the court for leave to file these pleadings leave would have been undoubtedly granted as was done in the case of *Fuller* v. *Fuller, supra,* and in the very well-considered case of *Wadsworth* v. *Wadsworth, 81 Cal. 182.* The stipulation therefore must be treated not as a consent to a divorce decree nor as a consent to confer jurisdiction, but rather an agreement by counsel which merely avoids the necessity of the more formal application to the court.

It is manifest that some portion of the time relied upon by the husband for the accrual of his cause of action was occupied and taken up by the original suit brought by the wife—that is, from October 5th, 1908, the day of the filing of her petition, to March 20th, 1909, the day on which the husband had a right to file an independent petition. It was so held in *Weigel* v. *Weigel, 63 N. J. Eq. (18 Dick.) 677; affirmed, 65 N. J. Eq. (20 Dick.) 398,* and in *Johnson* v. *Johnson, 65 N. J. Eq. (20 Dick.) 606.* If this rule were applied to this case there would be a considerable reduction from the time during which the husband's cause of action was in process of maturing, and his cross-petition would have been prematurely filed. There are many cases to this effect, most of which are collected by Vice-Chancellor Grey in the *Weigel Case.* There is, however, an exception to this rule which the vice-chancellor comments upon in the *Weigel Case* within which the case at bar clearly comes, and that is that the petitioner cannot insist upon the enforcement of the

rule in a case in which it appears to the court that his or her original petition was filed and prosecuted in bad faith. In the present case the wife, in the most formal and solemn manner, formulated charges of matrimonial offences against her husband which were sufficient, if true, to have led to his indictment and punishment by the criminal courts. These were repeated and enlarged upon in her amended petition, and again referred to less virulently in the replication to the cross-petition. One would naturally expect that some attempt would have been made to substantiate these charges, but at the hearing she not only abandons her own attack, but declines to produce any evidence by way of defence against the attack of her husband. These facts show that the petition of the wife was filed and prosecuted in bad faith and that she ought not to be allowed to set up her own delinquencies in bar of her husband's right.

Having found the facts in favor of the defendant on his cross-petition, it remains only to state, in conclusion, that there is nothing in the law which stands in the way of granting him the relief prayed for in the cross-petition, and I will advise a decree in his favor.