WALTER H. GOODRICH AND COMPANY vs. LOUIS FRIEDMAN ET AL.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The nonexistence of a cause of action when suit is brought is a fatal defect.

A creditor who accepts a time note for a merchandise account thereby

agrees to an extension of the credit and cannot maintain an action on the original demand during the term of the note.

Argued October 24th—decided December 15th, 1917.

ACTION to recover an alleged balance for merchandise sold and delivered to the defendants, brought to and tried by the City Court of New Haven, *Booth, J.;* facts found and judgment rendered for the plaintiff for $771, and appeal by the defendants. *Error and new trial ordered.*

° The plaintiff is a corporation engaged in the business of selling oils, gasoline, and the like. The defendants, between the dates of July 15th, 1915, and December 13th, 1916, made purchases of oils, gasoline, and other products, and made payments for these articles as set forth in the bill of particulars and made part of the plaintiff's complaint. On or about November 6th, 1916, the plaintiff demanded payment of the defendants, who then owed the plaintiff $595.56, but the defendants were unable to pay in cash. The plaintiff requested the defendants to execute a note for the amount of the indebtedness then existing, and suggested a note payable in sixty days. The defendants refused to give a sixty-day note, but offered to execute a note payable in four months, whereupon a note in the following form was executed and delivered to the plaintiff:—

"$595.56                         November 6, 1916.
Four months after date we promise to pay to the order of Walter H. Goodrich & Co., five hundred and ninety-six and 56/100 dollars at Union & N. H. Trust Co. Value received."

There was no agreement between the plaintiff and the defendants that this note was received in payment of

the existing debt. The plaintiff indorsed the note and discounted it at the bank where it was made payable, where it was later protested for nonpayment. The plaintiff still holds the note, and it is unpaid. The note was at all times the property of the plaintiff. This action was instituted on December 19th, 1916, prior to the maturity of the note. The amount of the plaintiff's claim as it appears from its bill of particulars is $755.05; of this amount $156.49 represents sales which were made subsequent to November 6th, 1916, the date of the note. The defendants admitted the execution, delivery, and acceptance of the note by the plaintiff, but claimed that the plaintiff was precluded from obtaining a recovery for the sum of $596.56, the amount of the note, before it became due. The trial court overruled this claim, and rendered judgment for the full amount of the plaintiff's bill.

There are several reasons of appeal. In substance, the error assigned is the conclusion of the trial court that the plaintiff's acceptance of the negotiable promissory note and the negotiation of the same did not preclude a recovery of the indebtedness evidenced by the note before its maturity.

*William J. McKenna,* with whom was *Samuel C. Schlein,* for the appellants (defendants).

*Samuel E. Hoyt,* for the appellee (plaintiff).

RORABACK, J. This action was commenced about two and one half months before the maturity of the note. It is a general rule that the nonexistence of a cause of action at law when the suit is brought is a fatal defect which cannot be cured by the accrual of a right of action while the suit is pending. In other words, an action at law can be supported only on the facts

as they existed when the action was commenced. *Woodbridge* v. *Pratt & Whitney Co.*, 69 Conn. 304, 305, 37 Atl. 688; *Dickerman* v. *New York, N. H. & H. R. Co.*, 72 Conn. 271, 275, 44 Atl. 228.

The acceptance of the note in the present case was at the least an agreement for delay, and the plaintiff could not commence an action on the original debt evidenced by the note until the note became due. 2 Parsons on Notes & Bills, 155. The reason for this rule is that the entering into a new agreement and undertaking subjected the defendant debtor to peculiar liabilities, or afforded the plaintiff creditor fresh and peculiar rights which constituted a good consideration for the extension of credit. *Judge* v. *Fiske*, 2 Speers (S. Car.) 436, 438, 42 Amer. Dec. 380, 381.

This note implied an agreement to suspend the remedy on the original demand during the term of the note. *Brabazon* v. *Seymour*, 42 Conn. 551, 554. See, also, 1 Corpus Juris, page 1148, and cases cited in note 43 at the bottom of page 1148.

It appears that when this action was commenced the note had been discounted and was in the control of the bank, a bona fide holder. The defendants at this time were liable to pay the note to a third party. To now hold that the defendants at this time were liable for the price of the goods for which the note was given, would be a plain evasion of the rule that a cause of action must be supported by the facts as they existed when the action was commenced.

There is error and a new trial is ordered.

In this opinion the other judges concurred.