LOUISE A. R. KRUMRINE, *Appellant*, v. JOHN A. KRUMRINE, *Appellee*.

Division A.

Opinion Filed October 20, 1925.

1. In divorce proceedings where divorce from the bonds of matrimony is sought upon any ground prescribed in this jurisdiction except adultery, two years' residence in this State by complainant is necessary to give the court jurisdiction of the subject matter.

2. In divorce proceedings in this State where the defendant is a resident of a jurisdiction other than this, but appears in person, or by attorney, and submits himself or herself to the court's jurisdiction, the Court may, upon a prayer for affirmative relief by the defendant, proceed to the exercise of complete jurisdiction and grant upon sufficient evidence such relief to the extent of dissolving the bonds of matrimony between the parties.

An Appeal from the Circuit Court for Putnam County; A. V. Long, Judge.

Decree reversed.

*Thos. P. Dowda* and *J. J. Canon*, for Appellant;

*W. P. Dineen*, for Appellee.

ELLIS, J.—John A. Krumrine, formerly a resident of the State of Maryland, but having resided in Florida for two years next before filing his bill in equity, commenced his suit for divorce charging that his wife, Louise, who actually resides in the State of Maryland, had deserted him and such desertion was obstinate and had continued for more than one year.

Mrs. Krumrine answered the bill denying the allegation of desertion and averred that her husband had deserted her; that such desertion was obstinate and had continued for more than one year; that he was guilty of adultery with a certain person in the State of Maryland, naming her; and averring that he was guilty of habitual indulgence in the use of intoxicating liquor, both in the State of Maryland and in the State of Florida, and adultery with women unknown in this State.

The answer concludes with a prayer for divorce from her husband and alimony.

An order was made appointing an examiner to take testimony.

No evidence appears to have been taken in behalf of the complainant, but evidence was taken in behalf of the defendant which tended to establish the averments of her answer as to all three charges, desertion, adultery and habitual intemperance both in Maryland and Florida.

The Chancellor entered a decree dismissing the original bill of complaint, denying the affirmative relief sought by the defendant, decreeing costs against the complainant and the payment by him of solicitor's fees for the defendant.

The defendant appealed, contending that the court erred in denying her prayer for divorce and alimony.

If the court had jurisdiction of the cause to administer complete justice between the parties, then the decree was erroneous because under the Act of 1915, Chapter 6907, Laws of Florida, Sections 3118-3120, R. G. S., the defendant in her answer could state any counter claim arising out of the transaction which is the subject matter of the suit without a cross bill. Such counter-claim being the subject of an independent suit in equity against the complainant, having the same effect as a cross suit so as to enable the

court to pronounce a final judgment in the same suit both on the original and cross claims.

The averments in the defendant's answer upon which she based her counter-claim for divorce and alimony constituted the subject of an independent suit in equity. For adultery, desertion continued obstinately for one year, or habitual intemperance constitute severally grounds for divorce, which is the subject of equity jurisdiction.

Section 3189, Revised General Statutes, provides that in order to obtain a divorce the *complainant* must have resided two years in the State of Florida before filing the bill. The act as passed in 1852, Chapter 522, provided that no divorce from the bonds of matrimony should be granted to any applicant unless it should appear that such "applicant has resided in the State of Florida for the space of two years prior to the term of such application." Prior to 1852 the period of residence was three months. See Thompson's Digest, p. 222. The language of the act was that no person shall be entitled to apply for a divorce who has not been a resident of this State for a period of three months.

The act of 1852 was considered as prescribing a jurisdictional prerequisite. Phelan v. Phelan, 12 Fla. 449. Such was the holding in the cases cited in that opinion.

In the Revised Statutes the phraseology of the statute was changed so that the provision was that "In order to obtain a divorce the complainant must have resided two years in the State of Florida before filing the bill." Section 1478, Revised Statutes. In 1899, by Chapter 4726, that section was amended and put in the form in which it now appears in Section 3189, Revised General Statutes.

Now, the allegations of the bill and the evidence introduced by defendant show that the complainant has been residing in Florida for two years next before filing his bill of complaint. The court then had jurisdiction to grant a

divorce valid in this State from the bonds of matrimony existing between the parties. As the jurisdictional requirement is two years' residence by the complainant in this State and as the defendant personally appeared and answered the bill, thus coming personally within the court's jurisdiction, any decree in the cause would be binding upon the parties and enforceable in all the States by virtue of the full faith and credit clause of the Federal Constitution. See Haddock v. Haddock, 201 U. S. 562, 50 L. Ed. 867, 26 Sup. Ct. Rep. 525; Cheever v. Wilson, 9 Wall. 108, 19 L. Ed. 604.

The court therefore having acquired jurisdiction of the subject matter and jurisdiction of the parties, nothing else was left to be done to enable the court to proceed under the rules of the court to administer full and complete justice between the parties in the cause.

While the defendant's counter-claim was the subject of an independent suit in equity she was permitted under Chapter 6907, *supra,* to set it up in her answer thereby obtaining the same benefit that she might have had from a cross bill. The court having obtained jurisdiction of the subject matter by reason of the complainant's residence and jurisdiction of the defendant by reason of her appearance in the cause, the power to render a decree dissolving the bonds of *matrimony* between them was complete. See Sterl v. Sterl, 2 Ill. App. 223; Pine v. Pine, 72 Neb. 463, 100 N. W. 938, 9 Am. Cas. 1198 M; Clutton v. Clutton, 108, Mich. 267, 66 N. W. Rep. 31 L. R. A. 160; Von Bernuth v. Von Bernuth, 76 N. J. Eq. 487, 74 Atl. Rep. 700, 139 A. S. R. 784; 9 R. C. L., p. 404, par. 201.

The decree of the Chancellor is reversed with directions to enter a decree of divorce in favor of the defendant and permanent alimony in her behalf.

WEST, C. J., AND TERRELL, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.