DALY BROTHERS, INCORPORATED, *vs.* VICTOR LA CROIX.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued November 3d—decided December 22d, 1931.

*Frederic W. Dauch,* with whom, on the brief, was *James E. McKnight,* for the appellant (defendant).

*William T. Keavney, Jr.,* with whom, on the brief, was *John H. Cassidy,* for the appellee (plaintiff).

MALTBIE, C. J. The defendant was admittedly indebted to the plaintiff in the sum for which judgment was given. The court has found that the defendant, being in financial difficulties, attempted to make an adjustment with his creditors under which certain property he owned would be conveyed to an attorney as trustee for them, but the plaintiff did not become a party to this arrangement. It did, however, on August 23d, 1926, enter into an agreement with the defendant and his wife; this recited that such a conveyance had been made, that under it the plaintiff would receive payment of its claim when the property was sold, that defendant was desirous of further securing the plaintiff, and that the defendant's wife, in consideration of the plaintiff forbearing to bring action against the defendant to recover the debt "at this time," entered into the agreement; it then proceeded in the form of a note for the amount of the debt, payable in instalments of $50 a month beginning on August 1st, 1927, with in-

terest, and with a provision that in case of any default under it or if the premises by which the note was secured should be granted, conveyed or transferred, the whole amount due would be payable on demand; and it concluded with a condition that if the premises conveyed in trust should be sold on or before August 1st, 1927, and the trustee should pay the debt due the plaintiff, then the defendant and his wife should be released from all obligation arising under the agreement and the mortgage securing it should be released, otherwise the agreement was to remain in full force and effect. The defendant's wife, to secure the agreement, gave the plaintiff a mortgage upon premises owned by her and this contained a warranty that they were free from incumbrances. They were in fact subject to several existing incumbrances including prior mortgages. One of these was later foreclosed, and the defendant's wife failed to redeem the property. Thereafter, by writ dated January 10th, 1927, returnable to the first Tuesday of February, 1927, this action was brought, and the trial court gave judgment for the plaintiff to recover the amount of the debt with interest.

The defendant pleaded a special defense setting up that, because of the agreement between the plaintiff and the defendant and his wife, the action was prematurely brought. The plaintiff claims that on the trial this defense was abandoned, but the trial court has not found this to be so nor did the plaintiff request that it do so; and if we were at liberty to follow the plaintiff in resorting to the testimony printed to secure corrections of the finding requested by the defendant, the statements of counsel upon which it relies are wholly inconclusive. Ordinarily where a debtor gives a note for a debt payable at a future time an agreement is implied to suspend the remedy on the original debt during the term of the note. *Goodrich & Co.* v. *Fried-*

*man,* 92 Conn. 262, 265, 102 Atl. 607. It is said that the same rule does not apply where collateral security is given for the debt. 1 Corpus Juris, p. 1148, § 390. But none of the cases cited to support that statement present a situation similar to the one before us except *Cary* v. *White,* 52 N. Y. 138, 142. In that case it was held that, as the acceptance of the collateral, a mortgage, did not in itself imply any agreement to forbear suit upon the original debt until it became due and there was no agreement in fact for such a forbearance nor any other consideration, the mortgage could give no right superior to those of a grantee under an unrecorded prior deed; but the case was distinguished from others where there was an agreement in fact to forbear. In the present case the agreement between the plaintiff and the defendant and his wife recited that it was upon consideration of the plaintiff's forbearing to bring an action against the defendant "at this time;" certainly more must have been intended by the parties than an instantaneous forbearance; and the terms of the condition at the end of the agreement clearly import an intent that the obligation secured should continue to exist at least until August 1st, 1927, unless the property conveyed in trust was sold and the debt paid before that date. There is clearly implied an agreement in fact that there should be a forbearance to sue upon the original debt at least until that date.

It may be that, had the agreement contained a provision that it would be secured by a mortgage upon unincumbered property, the existence of the prior incumbrances upon the premises mortgaged might have constituted such a breach of the agreement as would have justified the plaintiff in treating it as broken and, under proper pleadings, its right to bring an action as it did might have been sustained. But the agreement

contained no such provision and the plaintiff must be left to such remedy as it has upon the warranty in the mortgage deed. It had no right of action when it began this suit and was not entitled to judgment. *Goodrich & Co.* v. *Friedman, supra.*

There is error and the judgment is reversed.

In this opinion the other judges concurred.