IDA MAE VILAS, *Appellant*, v. ROYAL C. VILAS, *Appellee*.

138 So. 731.

Division B.

Opinion filed January 6, 1932.

*A. S. Bradley* and *Crockett Owen,* of St. Petersburg, for Appellant;

*Cook & Harris,* of St. Petersburg, and *Whitaker Brothers,* of Tampa, for Appellee.

PER CURIAM.—This case was heard by Division B on a motion to vacate a supersedeas which had been granted by one of the Justices of this Court. The contention is that the appeal is frivolous and therefore the appeal should be dismissed or the orders appealed from affirmed.

Appellant contends that the Circuit Court is without jurisdicton to proceed, and because of this we have considered the appeal on its merits in connection with disposing of the application to vacate the supersedeas.

The record shows that the litigation was begun by the appellant Ida Mae Vilas, on January 28, 1931, she filed a bill of complaint against her husband, the appellee, praying for a divorce on the ground of extreme cruelty and also for alimony *pendente lite,* permanent alimony and temporary and permanent attorney's fees. The defendant answered this bill by filing a plea to the effect that the complainant had not resided in the State of Florida for more than two years next preceding the date of the filing of her bill. On March 14, 1931, a consent decree was entered into by which the husband was ordered to pay the wife $100.00 each week as temporary alimony, and $300.00 as temporary attorney's fees. On March 19, 1931, complainant filed her bill of complaint for separate maintenance in which she alleged that on account of repeated cruel and inhuman treatment and habitual intoxication that she was forced to live apart from her husband. On March 23, 1931, defendant filed a statement of record in which he stated that he formally and specifically abandoned his plea which had been filed to the bill for divorce, at the same time he filed an answer to the bill in which

he denied in substance the allegations upon which the divorce was sought. On March 31, 1931, complainant filed a motion to dismiss her bill for divorce without prejudice to the complainant. On March 31, 1931, the motion was denied by the Circuit Judge. On April 6, 1931, complainant filed another motion to dismiss her suit without prejudice, alleging that the original bill was drawn and filed by her counsel through mistake and misapprehension of the facts in that it alleges that the complainant had resided in the State of Florida for more than two years immediately preceding the filing of said suit, which allegation was not true.

The answer which had been filed by the defendant to the bill seeking separate maintenance contained a prayer for affirmative relief by way of divorce against the complainant on the ground that complainant had committed adultery with one L. Goree Caruthers. That portion of the answer seeking affirmative relief was demurred to by the complainant on April 6, 1931. The demurrer attacks that part of the answer which seeks affirmative relief by way of divorce on the ground of adultery, but the principal complaint is with the allegations of that answer which charge adultery with divers unnamed other men than Caruthers. On the same date complainant filed exceptions to the answer on practically the same grounds as stated in the demurrer. A separate exception was also taken to the answer for alleged impertinence in some of its allegations.

On May 5, 1931, defendant filed a motion setting up that certain witnesses whose testimony was material to defendant's rights under the affirmative answer were about to leave the State, and asking the Court to enter a special order for the taking of the testimony of these witnesses before such witnesses left. The Court granted the motion and ordered that the witnesses be produced before the chancellor personally in order that such tes-

timony might be taken. The order contained a provision that solicitors for complainant should be served with a copy of the order so that they might govern themselves accordingly.

On October 17, 1931, the Court entered its order by which it denied complainant's motion for dismissal of her suit; denied complainant's exceptions to defendant's answer and motion to strike certain parts of the answer; and overruled complainant's demurrer to the affirmative answer.

In the last mentioned order the Court, of its own motion, entered an order consolidating the complainant's suit for divorce and the complainant's suit for separate maintenance in order that thereafter the two suits should proceed as a consolidated cause, with the pleadings to stand upon the defendant's answer as an answer to both bills.

The appeals here were taken from the orders of the Circuit Court Judge denying the complainant the right to dismiss her bill of complaint; from the order granting leave to the defendant to take testimony of certain witnesses who were about to leave the State; and from the order consolidating the bill for divorce with the bill for separate maintenance and overruling complainant's demurrer and exceptions to the affirmative answer filed by defendant.

The Court is of the opinion that the defendant's affirmative answer charging the wife with adultery with Caruthers alleged to have been committed in the State of Florida is a proper answer to the bill for separate maintenance brought by the wife against the husband, and that inasmuch as the litigation was begun by the wife who is now before the court which has jurisdiction to deal with the subject matter, that the Court has jurisdiction to proceed to hear and determine the whole controversy between the parties and to grant a divorce to the husband by way of affirmative relief, if it be duly established by

the evidence that the wife is guilty of the adultery charged to have been committed in the State of Florida by her with the man named Caruthers mentioned in the answer.

While Section 4981 C. G. L., 3189 R. G. S., provides that in order to obtain a divorce, the complainant must have resided two years in the State of Florida before the filing of the bill, except where the defendant has been guilty of the act of adultery in this State, in which event *any citizen of this State* may obtain a divorce at any time, and the two years' residence shall not be required of such complainant, it does not necessarily follow that when the defendant has been properly brought into court on a bill filed by the wife for separate maintenance under Sections 4988-4989 C. G. L., 3196-3197 R. G. S., that such defendant, being properly before the Court, may not have the benefit of an affirmative answer charging the complainant with adultery, and of obtaining a divorce against such complainant based thereon, even though the defendant interposing such answer is not a citizen of the State of Florida.

Section 4983 C. G. L., 3191 R. G. S., provides that divorces may be granted on the ground that the opposite party has been guilty of adultery. Section 4906 C. G. L., 3120 R. G. S., provides that the defendant may in his answer set out any counterclaim against the complainant chancery cause which might be the subject of an independent suit in equity, and that the answer shall have the same effect as a cross suit so as to enable the court to pronounce a final judgment in the same suit both on the *original and cross claims.*

In this case the original claim is by the wife for separate maintenance. The cross claim is by the husband for a divorce on the ground of adultery. Section 4906 C. G. L., *supra,* expressly gives to the defendant the right to set up against the complainant any counterclaim which

might be the subject of an independent suit in equity. That Section also gives the Court power to pronounce final judgment in the same suit, both on the original and cross claims, when both are made to appear.

We must construe the statutes relating to divorce and alimony together with the statutes relating to answers in chancery and the effect thereof. While the right to institute a suit on the ground of adultery committed in this State may be limited to citizens of this State as complainants, there is nothing in the statutes, construed together, which limits the right of defendants, whether citizens of this State or not, to set up adultery committed in this State as a ground for affirmative relief, when the opposing party has once instituted a suit upon a bill of complaint containing allegations sufficient to warrant the court in proceeding to a final hearing. See Krumrine v. Krumrine, 90 Fla. 368, 106 Sou. Rep. 131.

It sufficiently appears that the Court has jurisdiction to proceed to final hearing on the issue presented by the consolidated bills of complaint and the answer praying for affirmative relief. No error in the order of consolidation has been made to appear, so that order must be affirmed.

If error was committed by the chancellor in ordering the testimony of witnesses who were about to leave the State to be taken in the manner directed in the order, such order in and of itself, is not shown to have been harmful to the complainant, because the testimony so taken may never be used in the cause. Therefore, that order will be affirmed, but without prejudice to the right of complainant to object to the introduction and consideration of such testimony at the final hearing, in the event that complainant is advised that any such objection is maintainable, a point which we do not now decide.

The order overruling the demurrer to the answer praying for affirmative relief by way of divorce, as well as the

exceptions urged to such answer on the same grounds, should be affirmed, but without prejudice to the right of complainant to make appropriate objections to any attempt to prove unspecified acts of adultery with unnamed individuals other than the man named Caruthers mentioned in the answer.

The motion to vacate the supersedeas with reference to these orders should be granted, and it is so ordered.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.