ROSE LIBER
vs.
NATHAN LIBER

Superior Court        Fairfield County        File #46162

Present:   Hon. JOHN A. CORNELL, Judge.

Harry Silverstone,                Attorney for the Plaintiff.

Omar Platt,                Attorney for the Defendant.

**MEMORANDUM FILED APRIL 3, 1937.**

CORNELL, J.   Plaintiff, by writ returnable, and returned to, this court on the first Tuesday of November, 1934, sought a divorce from defendant on the ground of intolerable cruelty.

On May 20, 1936, the defendant answered by denying the

allegations of the complaint, and also filed a cross-complaint, praying that a decree be granted him on the ground that plaintiff had deserted him on May 15, 1933. The plaintiff, on March 10, 1937, withdrew her complaint and the cause proceeded to trial on defendant's cross-complaint.

The evidence disclosed that if a desertion on plaintiff's part had occurred, it took place on or about November 4, 1933, and so at the time defendant's cross-complaint was filed, it had not continued for the three year period necessary to constitute a cause of action. **Gen. Stat. 1930, §5174; 19 C. J. p. 62, 118.** Thereupon, the defendant moved for permission to amend his cross-complaint by alleging that the date of the desertion was November 4, 1933. This was opposed by plaintiff on the ground that it would then appear that the cross-complaint was filed prematurely, because by its own allegations it would show that at the time it was filed the statutory period of desertion had not elapsed and did not until about six months thereafter.

The court, nevertheless, granted defendant permission to amend. **Smith vs. Furness, 117 Conn. 97, 99, 100.** Accordingly, defendant did so in the following manner:

"2. On November 4th, 1933, the plaintiff, Rose Liber, wilfully deserted the defendant, Nathan Liber, and has continued said desertion, with total neglect of all the duties of the marriage covenant on her part to be performed, to the date of this amended Counter-Claim, being for more than three years."

The sole ground of demurrer is that "it appears . . . that the alleged desertion had not continued for three years next before the date of said counter-claim" (cross-complaint).

The validity of the ground of demurrer named depends upon whether the present cross-complaint is the original one as amended, or whether it is, in fact a substitute cross-complaint, ergo in effect a new one. If it is the first, the amendment relates back to the time of filing of the cross-complaint. **Clover Mfg. Co. vs. Austin Co. 101 Conn. 208, 218; Raymond vs. Bailey, 98 Conn. 201, 205, 206; Onofrio vs. Cirusuolo, 109 Conn. 521, 525;** if it is the second it takes effect as of the time it is filed and the original cross-complaint drops out entirely, except as it may show the history of the cause. **Antman vs. Conn. Light & Power Co. 117 Conn. 230, 234, 235,** and cases cited in the opinion.

To be a substitute cross-complaint (which under the situation here would be equivalent to the commencement of a new action) the pleading would have to be self-sustaining, i.e., contain all of the material allegations necessary to state a cause of action. It is apparent, however, that if the amendment filed were to stand alone, it would be unintelligible and can only be significant as forming part of the narrative which results from joining it to the other material allegations contained in the original cross-complaint.

So considered the amendment does relate back to the date of filing of the original cross-complaint and makes this read as alleging that the defendant's cause of action for desertion did not become complete until some six months after the cross-complaint was filed which is, in effect, the statement of no cause of action. Gen. Stat. 1930, §5174; Goodrich vs. Freedman, 92 Conn. 262; 19 C. J. p. 62, 118.

The situation here, is, of course, to be distinguished from one where during the pendency of a divorce action, a cause of action arises or matures in favor of the defendant against the plaintiff. A number of authorities hold, that in such case the defendant may file his or her cross-complaint. Martin vs. Martin, 33 W. Va. 695, 11 S.E. 12, 14, 15; Wilson vs. Wilson, 40 Iowa 230; Von Bermuth vs. Von Bermuth, 76 N.J. Eq. 487, 74 A. 700; Smith vs. Smith, 4 Paige (N.Y.); 2 Bishop, Marriage and Divorce 567, even on the day of the trial. Heineman vs. Heineman (Wis.) 233 N. W. 552.

But in such case the cross-complaint is not filed until the cause of divorce has become complete; here, on the construction of the pleadings adopted, the cross-complaint, even as amended, was filed before the cause of action had matured.

Demurrer sustained.