# CIRCUIT COURT OF FAIRFAX COUNTY

Anita Keeler

v.

Roy Keeler

March 8, 2010

Case No. CL-2009-15830

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on February 5, 2010, on Defendant Roy Keeler's demurrer. The Court sustained the demurrer and took under advisement the issue of whether sanctions are appropriate against Plaintiff's attorney, Michael Miller. Upon full consideration of the pleadings, the arguments of counsel, and the applicable governing authorities, the Court grants Mr. Keeler's motion for sanctions.

*Factual Background*

On November 2, 2009, Mr. Miller, acting on behalf of Plaintiff Anita Keeler, filed a Complaint for divorce on grounds of adultery. To support her claim, Ms. Keeler alleged that Mr. Keeler had committed adultery "with such particular information to be more fully developed through the conduction of discovery." Complaint ¶ 8. Ms. Keeler further alleged that:

(a) "During the several months prior to filing this Complaint, the Plaintiff noticed that the Defendant began traveling from the marital residence for reasons not related to his employment." Complaint ¶ 8a.

(b) "The Defendant used Craigslist to solicit sexual partners." Complaint ¶ 8b.

(c) "There are 222 sexually explicit graphics saved to his [Mr. Keeler's] private account on the household computer." Complaint ¶ 8c.

(d) "There are two nude photographs of the Defendant saved to his private account on the household computer. The contents of the household computer suggest that the images were e-mailed to other recipients." Complaint ¶ 8d.

(e) "There were ten e-mails in the Defendant's personal e-mail folder saved to the household computer soliciting others for 'meeting for adult activities.' One of those e-mails came from" a private e-mail address used by Mr. Keeler. Complaint ¶ 8e.

(f) "The Defendant has visited at least two adult websites." Complaint ¶ 8e.

(g) "The Plaintiff verily believes that the Defendant committed adultery within five years of filing this Complaint for Divorce." Complaint ¶ 9.

(h) "Said affairs are continuing, ongoing illicit liaisons which the Defendant has no intention of abandoning. Said adultery was committed without the consent, condonation, connivance, privity, or procurement of the Plaintiff, who has not cohabited with the Defendant since she discovered his unlawful activities." Complaint ¶ 10.

Mr. Keeler demurred, arguing that the Complaint failed to allege the time, place, and circumstances of the alleged adultery with particularity, as required under Virginia law. Mr. Keeler further petitioned the Court to sanction Mr. Miller pursuant to Va. Code § 8.01-271.1.

At the hearing, the Court addressed Mr. Miller on the issue of sanctions and whether he had any factual basis to establish adultery with the required specificity at the time he filed the Complaint. The Court initially asked Mr. Miller to recite the facts or allegations in his Complaint that alleged adultery with the required specificity. Mr. Miller pointed to the allegations noted above, claiming they met the specificity requirement. The Court then asked Mr. Miller to go through each of these allegations and argue how they allege, with specificity, the time, place, and circumstances of adultery. Mr. Miller was unable to offer any arguments. Indeed, he acknowledged that the allegations failed to allege the time or place with specificity.

Mr. Miller then claimed to have omitted the necessary facts in order to avoid embarrassment to either party. When the Court requested that he recite any facts intentionally omitted, Mr. Miller outlined the details of a computer forensics report that showed Mr. Keeler was e-mailing nude photos. Mr. Miller acknowledged, however, that the report contained no

specifics about any alleged adultery. In addition, Mr. Miller revealed that, prior to filing the complaint, he knew the name of an alleged mistress of Mr. Keeler. Still, he was unable to provide any information as to the time, place, or circumstances of any adultery with this mistress. Upon further questioning by the Court, Mr. Miller then admitted that he possessed no facts to prove any sexual relations between Mr. Keeler and the named mistress beyond bare suspicion by Ms. Keeler. Mr. Miller further contended that the lack of any specifics would be cured through discovery and claimed, anecdotally, that similar pleadings are regularly accepted by the judges of this Court.

The Court then gave Mr. Miller yet another chance to reveal what facts and or allegations in the Complaint alleged adultery with the required specificity. Mr. Miller could not produce anything beyond his bare allegations and again asserted that he would rely on discovery to establish the specifics.

*Analysis*

Va. Code § 8.01-271.1 creates a dual responsibility by an attorney who signs a pleading. First, the attorney is certifying that the pleading is well-grounded in fact to the best of his knowledge. *Ford Motor Co. v. Benitez*, 273 Va. 242, 250, 639 S.E.2d 203, 206 (2007). Second, the attorney is certifying that the pleading is warranted by law or a good faith argument for a change in the law. Virginia courts are required to sanction attorneys who are found to have violated the statute. *Id.*

The law in Virginia for alleging adultery as cause for divorce is clear. The time, place, and circumstances under which the alleged adultery was committed must be specifically alleged in the complaint. *Miller v. Miller*, 92 Va. 196, 199, 23 S.E. 232, 233 (1895). Indeed:

> [n]either party has the right to make such a charge against the other on mere suspicion, relying on being able to fish up testimony before the trial to support the allegation. When information sufficient to justify the charge is given, the party will be possessed of the requisite facts to put the charge in a distinct and tangible form in the record.

*Id.*

In *Miller*, the plaintiff alleged that she "is now informed, believes, and charges that, since her said marriage, her said husband has been guilty

of adultery on many occasions, and that she has not lived or cohabited with him since she so learned that fact." 92 Va. at 198, 23 S.E. at 233. The Supreme Court of Virginia found this allegation insufficient and held that the allegation of adultery "could not be more general in its nature than this. It is vague, indefinite, and fails to give to the defendant such notice of the charge that he is to meet as is necessary to enable him to prepare to meet it." *Id.*

The similarities between the *Miller* allegation and Ms. Keeler's allegation of adultery are remarkable. Paragraph eight of Ms. Keeler's Complaint states:

> The Plaintiff verily believes that the Defendant is guilty of adultery. The Defendant has committed adultery with divers people at divers locations on divers occasions with such particular information to be more fully developed through the conduction of discovery.

This statement and her other supporting allegations, merely allege facts demonstrating her suspicion that her husband was committing adultery. None of these allegations allege the time, place, or circumstances of any illicit affair between Mr. Keeler and another woman. They certainly do not provide Mr. Keeler the notice he is entitled to in order to prepare his defense.

At the hearing, the Court gave Mr. Miller four separate opportunities to explain what facts he had in his possession at the time he signed the pleading that would provide him a factual and legal basis for filing a complaint for divorce on grounds of adultery. Each time he failed. From his own words and from the statement in the complaint that the allegations would be "more fully developed through the conduction of discovery," it is clear that Mr. Miller did not know of the time, place, and circumstances of any sexual encounter between Mr. Keeler and a supposed paramour. Instead, he hoped to use the legal process to embark on a fishing expedition to develop Ms. Keeler's suspicions of infidelity. Section 8.01-271.1 requires Virginia courts to sanction such behavior. *Benitez*, 273 Va. at 250, 639 S.E.2d at 206. Indeed, such tactics have been inappropriate long before the General Assembly adopted § 8.01-271.1. *Miller*, 92 Va. at 199, 23 S.E. at 233.

The Court thoroughly reviewed the Affidavit of Mr. Keeler's attorney, Thomas Cusick, and the billing records attached to the Affidavit. Mr. Keeler requested a total of $5,355.00 in attorney's fees. In reviewing

the Affidavit, the Court deducted all charges that it finds were not a direct result of the improperly filed Complaint and charges it finds were not reasonable incurred by Mr. Keeler. Upon making these deductions, the Court finds that the remaining $2,638.00 were reasonable attorney's fees incurred as a direct result of the improperly filed Complaint.

## Conclusion

By signing the Complaint, Mr. Miller certified that he had knowledge of sufficient facts to support a divorce based upon adultery at the time he put ink to paper. Because he lacked sufficient information as to the time, place, and circumstances of the alleged adultery, Mr. Miller violated § 8.01-271.1 when he signed the pleading. As sanctions for this violation, the Court awards Mr. Keeler $2,638.00 in reasonable attorney's fees to be paid by Mr. Miller by March 19, 2010.