# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## LOTTIE H. CRAIG v. J. WILLARD CRAIG.

### January 13, 1916.

### Absent, Cardwell, J.

1. DIVORCE—*Res' Judicata—Evidence in Former Suit Admissible—Case in Judgment.*—A husband sued for divorce on the ground of adultery. The wife answered denying the adultery and alleging cruelty and desertion on the part of her husband and asked that her answer be treated as a cross bill, which was allowed. Both bills were dismissed for insufficient evidence to support them, and the decree was affirmed on appeal. Thereupon the wife brought a new suit for divorce on the ground of cruelty and desertion, alleged to have commenced three months before the institution of the husband's suit. She also alleged that since the decision of the first suit she had sought to effect a reconciliation with her husband, but that he refused to be reconciled. The husband answered this bill denying its allegations, and also relying upon the defense of *res judicata* and filed with his bill a complete copy of the record in the first suit. The trial court admitted in evidence and considered all the testimony given in the first suit, and to this the wife objected.

   *Held:* In order to determine whether the plea of *res judicata* afforded a defense to the suit by the wife, it was necessary to examine the entire record in the original suit, including the evidence, not only for the purpose of determining the precise matters adjudged therein, but also to enable the court properly to determine whether under all the facts and circumstances of the case, the husband should have accepted the wife's invitation to return and live with her, and also whether the charges and proof in the original suit did not disclose a situation which rendered association between the husband and the wife wholly impossible.

2. DIVORCE—*Dismissal—Decree on Merits.*—The dismissal of a wife's cross bill to her husband's bill for divorce, because "the allegations of the cross bill have not been proved so as to entitle the defendant to affirmative relief thereon," is a decree upon the merits.

3. JUDGMENTS—*Res Judicata—When Plea Applies.*—The plea of *res judicata* applies, except in special cases, not only to all matters actually

adjudicated on the former hearing, but to every point which properly belonged to the subject of litigation, or .which the parties, exercising reasonable diligence, might have brought forward at the time.

4. DIVORCE—*Dismissal—Lack of Evidence—Res Judicata.*—The dismissal by the same decree, for lack of evidence to support, of a husband's bill for divorce on the ground of adultery, and of the wife's cross bill on the ground of desertion three months before the institution of his suit, is a decision on the merits of both suits and may be relied on under a plea of *res judicata* in any subsequent suit between them touching the same matter.

5. DIVORCE—*Desertion Before and After Suit—Evidence.*—While a husband cannot be said to desert his wife because of separation from her pending a suit by him for divorce, if there was a consummated act of desertion by him before he instituted his suit, she may prove it in a suit by her for divorce for desertion, and her right to relief will not be suspended by reason of the fact that three months thereafter he filed a bill against her falsely charging her with adultery.

6. DIVORCE—*Dismissal—Refusal to Keep on Docket—Final Decree.*—The refusal of the court, after dismissing a wife's cross bill for divorce, to allow the cross bill to remain on the docket for the purpose of giving the husband an opportunity to resume his marital relations with his wife, or, if he refused, of giving the wife the opportunity of taking further evidence in support of her cross bill, is conclusive of the fact that the decree of dismissal was a final adjudication of the controversy.

Appeal from a decree of the Law and Equity Court of the city of Richmond in a suit brought by the husband for divorce on the ground of adultery of the wife, and to which the wife, after answering and denying the charge of adultery, filed a cross bill on the ground of cruelty and desertion by the husband. From a decree dismissing both bills, the wife appeals.

*Affirmed.*

The opinion states the case.

*Smith & Gordon,* for the appellant.

*S. S. P. Patteson,* for the appellee.

KEITH, P., delivered the opinion of the court.

On the 20th of May, 1912, J. W. Craig filed his bill against his wife, Lottie H. Craig, charging her with adultery, and praying for a divorce from the bonds of matrimony. This cause was removed to the Law and Equity Court of the city of Richmond, and on June 18, 1912, the defendant filed her answer, which she prayed might be treated as a cross bill, in which she denied that she had been guilty of adultery, and made the charge against the plaintiff of cruelty and desertion, and asked that she be granted a divorce from bed and board.

Evidence was taken by the plaintiff and the defendant, and the cause came on to be heard on the 7th of February, 1913, when a decree was entered bringing the cause on to be heard upon the plaintiff's bill and exhibits therewith, the defendant's answer and cross bill filed by leave of court, and the plaintiff's general replication to said answer; on the plaintiff's answer to the defendant's cross bill, filed by like leave, and exhibits therewith, and the defendant's general replication thereto, and on the depositions of a number of witnesses named in the decree; and "the court being of the opinion that the evidence is not sufficient to sustain the charge of adultery against the defendant contained in the plaintiff's bill, it is adjudged, ordered and decreed that the plaintiff's bill be, and the same is hereby, dismissed. And the court being further of opinion that the evidence is sufficient to enable the court to pass upon the issues raised by the cross bill filed by the defendant and the answer of plaintiff thereto, and that therefore the allegations in the cross bill have not been proved so as to entitle the defendant to affirmative relief thereon, it is ordered that the cross bill of the defendant be dismissed."

On the next day, the 8th of February, 1913, Lottie H. Craig, the wife, moved the court to note as part of the record, that before the entry of the final decree of February 7, 1913, she moved the court to allow her cross bill to remain on the

docket, for the purpose (1) of giving the plaintiff, J. Willard Craig, the opportunity to return to and resume his marital relations with her, if he would; or (2) of giving her the opportunity of taking further evidence in support of her cross bill, if her husband refused to return to and resume his marital relations with her. "On consideration whereof, the court doth certify that said Lottie H. Craig did so move the court before the entry of said final decree, which said motion the court overruled; and those facts are hereby made a part of the record in this cause. And counsel for said Lottie H. Craig having moved the court for a further allowance on account of services and disbursements for costs in this suit up to this time, it is ordered that said motion as to counsel fees and suit money be docketed and continued."

To that decree an appeal was allowed upon the petition of J. W. Craig, and upon the hearing this court held: "The evidence is not of a character that we care to discuss. No good purpose would be subserved by its discussion, and we shall, therefore, content ourselves with saying that, after careful consideration of the evidence, we are of opinion that there is no error in the decree of the law and equity court.

"Counsel for appellees have asked that an allowance for counsel fees be made for services rendered in this court. This we decline to do, being of opinion that the trial court is in a better position to inquire into and do what is right and just between the parties in the first instance than this court. We shall, therefore, affirm the decree and remand the cause, but with leave to counsel for appellee to prosecute their claim for compensation before the law and equity court in the first instance, with the right of appeal to this court if a proper case shall be made for its exercise." *Craig* v. *Craig,* 115 Va. 764, 80 S. E. 507. A decree was thereupon entered on January 15, 1914, in this court in conformity with the opinion, and the cause was remanded to the law and equity court to be further proceeded in.

On the third Monday in March, 1914, Lottie H. Craig filed her bill in the Law and Equity Court of the city of Richmond, in which she sets out her marriage with J. Willard Craig in December, 1897, and that her husband willfully left and abandoned his home and her on or about Monday, February 12, 1912; that he filed his bill praying for a divorce from the bonds of matrimony and charging her with adultery on May 20, 1912; that she filed her answer and cross bill charging her husband with desertion, and after evidence had been taken in support and denial of the bill the cause was heard and the bill dismissed, and with it was also dismissed the cross bill filed by her, for the expressly stated reason that the evidence was insufficient to enable the court to pass upon the issues raised; that, as a matter of fact, however, as her bill states, no evidence whatever was taken in support of the cross bill; that an appeal was allowed to this decree, and on appeal the decree was affirmed in its entirety; that after the final determination of the cause on the bill and its affirmance by the Supreme Court of Appeals, she addressed a letter to her husband, asking him if he would not now return to her, his home and his child; that this letter was received by him, but no reply was ever made to it. She then goes on to state her pecuniary condition, the details of which are not material to this discussion, and concludes by asking for a divorce from bed and board by reason of her husband's willful desertion and abandonment of her, and that she be awarded the care and custody of her child; that her husband be required to pay her periodically a sufficient sum of money as temporary alimony to support her and her child; that he be also required to pay counsel fees and a sufficient sum for suit money to take depositions; that permanent alimony be awarded her; and that all such other, further and general relief be granted her as the nature of her case requires.

To this bill the husband filed his answer, and pleaded that "all the matters set up in the bill have been litigated heretofore

in the law and equity court and the Supreme Court of Appeals of Virginia, between the same parties, as will appear from the printed record in said suit and proceedings herewith filed, the mandate of the Supreme Court of Appeals and also the final decree of this court in said cause." Defendant pleaded that these proceedings constitute a legal bar to this suit as the record, mandate and decree show that all of the matters and things now set up as a ground for divorce have been heretofore adjudicated, and without waiving the plea the defendant further answered denying all the allegations of plaintiff's bill and reiterating certain facts which are also stated in the original record in justification of his separation from his wife.

Depositions were taken and the plaintiff proved that she had sought a reconciliation with her husband since entry of the decree in the original suit, which had been denied by him; and her suit coming on to be heard on the papers formerly read, which included the record in the original case, upon the evidence of witnesses heard *ore tenus* by the court, and the plea and answer of the defendant, "the court being of opinion on all the pleadings and evidence that the plaintiff is not entitled to the relief prayed for by her, doth adjudge, order and decree that the plaintiff's bill be dismissed." Thereupon, an appeal was allowed to this court.

The first assignment of error is that the court erred in ruling that all of the testimony in the record in the original suit should be admitted in evidence and considered by the court in this case.

We do not think there is any merit in this contention. The appellee in this suit relied upon the plea of *res adjudicata,* and in order to determine whether that plea afforded a defense to the suit it was necessary to examine the entire record in the original suit, not only for the purpose, as we think, of determining the precise matters adjudged in the original suit, but also to enable the court properly to determine whether under all the facts and circumstances of the case the husband should

have accepted the wife's invitation to return and renew his cohabitation with her, or, on the other hand, whether the charges and proof upon the bill and the cross bill in the original suit did not disclose a situation which rendered association between the husband and the wife wholly impossible.

The second assignment of error is that the court erred in dismissing the bill and not giving the complainant the relief prayed for by her, namely, a decree for divorce and alimony for the desertion of her husband.

As we have seen, the plea of *res adjudicata* was relied upon by the defendant and sustained by the decree of the court from which this appeal was taken. The first question raised by the petition upon the plea of *res adjudicata* is that the record and decree relied upon in proof of the plea was not a decree upon the merits, as to the cross bill, at all, but was substantially a decree of dismissal without prejudice.

The answer of the wife which was treated as a cross bill charges desertion and cruelty, and leaving out of view for the present the contention of counsel for the appellant that she could not have introduced evidence of abandonment pending the continuance of the suit charging her with adultery, she was free to produce all evidence within her reach to establish the charges which she had made. She was not only free to do this, but she will be held to have done so, and failing to introduce evidence the court was justified in saying that the evidence was insufficient to enable the court to pass upon the issues raised by the cross bill—which, if it had stopped there, might have left some doubt as to whether the court meant to adjudicate the merits of the controversy, or whether it meant to say by the use of the phrase that "the evidence is insufficient to enable the court to pass upon the issues" raised by the cross bill, that it did not take them into consideration; but the decree does not stop there. It continues, "and that therefore the allegations in the cross bill have not been proved so as to entitle the defendant to affirmative relief thereon." That is a

complete adjudication of all the issues which were raised or might have been raised upon all the evidence which had been introduced or might have been introduced in support of the allegations of the cross bill.

In *Diamond State Iron Co.* v. *Rarig,* 93 Va. 595; 25 S. E. 894, this court held, treating of the plea of *res adjudicata,* that it applies, "except in special cases, not only to all matters actually adjudicated on the former hearing, but to every point which properly belonged to the subject of litigation, or which the parties, exercising reasonable diligence, might have brought forward at the time." In the opinion, *Henderson* v. *Henderson,* 3 Hare 115, 25 Eng. Ch. R., is cited as follows: "Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to the litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation, in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case." And further on in the opinion Judge Cardwell says: "The rule has found its way into every system of jurisprudence, not only from its obvious fitness and propriety, but because, without it, an end could never be put to litigation." Then follows the citation of numerous cases from this court in support of the position.

The principal objection urged to the plea of *res adjudicata* is that the cross bill of the wife, which charges cruelty and abandonment on the part of the husband, was premature; that no proof could have been made of intent to desert in the mind of the husband until his bill for divorce, which charged her with adultery, had been dismissed; and that as the cross bill was dismissed at the same time there was not an instant of time up to the dismissal of the suit when it could have been shown that her husband was a deserter; that it was a prema-

ture charge which could not have been proved, for up to the dismissal of his bill he not only might have separated himself from his wife and home without being in any legal default, but he must have done so if he wished to maintain his suit.

In support of this position section 1757 of 1 Bishop on Marriage, Divorce and Separation is relied upon, which is as follows: "One carrying on a suit for any form of divorce cannot be cohabiting with the defendant, for thus he would condone the offense, or affirm the marriage sought to be set aside, or otherwise contravene *in pais* his act in court. Necessarily, therefore, a withdrawal from cohabitation during such time is not desertion."

Speaking on this subject, Sir John Nicholl said: "During the pendency of that suit cohabitation was not only not incumbent by law on the parties or on either of them, it would even have been legally censurable, at least in the husband."

So, in *Doyle* v. *Doyle,* 26 Mo. 545, it was held that separation of a husband from his wife during the pendency of a suit by him for divorce does not constitute an abandonment within the meaning of section 9 of the act concerning divorce and alimony; it would not—the husband failing to obtain a divorce—authorize a decree for alimony.

We accept the law as there stated without question, but we do not think it applies to the case in hand. The bill in the present case states that complainant's husband deserted her on the 12th of February, 1912, against her protest and entreaty. His suit for divorce was not instituted until the 20th of May, 1912, so that his desertion continued for more than three months during which time his suit for divorce on the ground of adultery had not been instituted and was not pending. It was entirely competent for her, therefore to introduce any evidence which she may have possessed to show the consummated act of desertion. It cannot be that the complainant, having a complete cause of action against her husband for a desertion

which .occurred in February, could have her right to relief suspended by reason of the fact that in May he filed a bill falsely charging her with adultery.

But further, the final decree in the original suit was entered on the 7th day of February, 1913. On the 8th day of February her counsel appeared and asked the court to allow the cross bill to remain on the docket for the purpose, first, of giving the husband opportunity to return to and resume his marital relations with her, or, second, of giving her the opportunity of taking further evidence in support of her cross bill if her husband refused to return to her and resume his marital relations. Thereupon, the court certified that she did so move the court before the entry of the final decree, and that the court overruled the motion; which seems to be conclusive upon the claim made that the decree was not a final adjudication of the controversy.

In support of the contention that the charges of cruelty and desertion in the cross bill of the wife in the original suit were a premature assertion of her rights, the case of *Rivers* v. *Rivers,* 65 Iowa 568, 22 N. W. 679, is cited, which holds that where a defendant was convicted of felony and appealed, but pending the appeal plaintiff began an action against him for divorce on account of such conviction, a decree was properly rendered for the defendant because such action was premature so long as the conviction was not final; but such decree was not a final adjudication of plaintiff's right to a·divorce for the cause alleged, and did not estop her from maintaining another action on the same ground after the judgment of conviction was affirmed. We have no criticism to make of that case, which was without doubt properly decided, but we fail to see that it has any sort of bearing upon the controversy before us.

We are of opinion that there was no error in the decree complained of, which is affirmed.

*Affirmed.*