# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### DAGNER V. DAGNER.

June 12, 1919.

Absent, Burks, J.

DIVORCE—*Desertion—Res Adjudicata.*—A decree denying a divorce for desertion, where the bill prayed for a divorce *a vinculo*, "but if an absolute divorce be not granted that then a divorce from bed and board may be granted" complainant, necessarily decided that there had been no desertion prior to the date on which the suit was instituted, and is a bar to a suit by the complainant for a divorce *a vinculo* for desertion instituted in less than three years from that date.

Appeal from a decree of the Court of Law and Chancery of city of Norfolk. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*L. B. Cox,* for the appellant.

*J. M. Harrison,* for the appellee.

KELLY, J., delivered the opinion of the court.

On December 29, 1915, John Dagner instituted, in the Circuit Court of the city of Norfolk, a suit for divorce from his wife, Rosa Dagner, charging adultery and desertion. The desertion was alleged to have dated from March 10, 1912, and to have continued thereafter to the date of bringing the suit. The prayer of the bill was that the complain-

ant "be granted a divorce *a vinculo matrimonii,* but if an absolute divorce be not granted, that then a divorce from bed and board may be granted to him and that in due time such divorce from bed and board may be made absolute, according to law."

The defendant, Rosa Dagner, demurred to and answered the bill, the answer denying all of the complainant's allegations.

On the 28th of April, 1916, the Circuit Court of the city of Norfolk entered a decree, which, so far as material here, is as follows: "This cause came on this day to be heard upon the amended bill, answer thereto and general replication, and upon the evidence of witnesses heard in open court by consent of the parties and leave of the court, and was argued by counsel. On consideration whereof, the court being of opinion that the plaintiff is not entitled to a divorce, and that the defendant is not entitled to alimony, doth adjudge, order and decree that the bill be dismissed at the costs of the plaintiff, * * *." This decree, by implication, overruled the demurrer which had not theretofore been passed upon, and it further necessarily and finally adjudicated that the defendant had not at any time prior to the institution of that suit deserted her husband, since otherwise the complainant would have been entitled, under the prayer of his bill, to a divorce either *a vinculo* or *a mensa.*

On April 8, 1918, John Dagner brought the present suit against his wife in the Court of Law and Chancery, and obtained the decree now under review, whereby he was awarded an absolute divorce. The bill in this second case relies solely on the ground of desertion for more than three years, dating from May 10, 1912.

The defendant answered, denying all the allegations against her, and she also filed a plea of *res adjudicata,* accompanying the same with the record of the former suit.

This plea was overruled, and the only question now before us is whether the court erred in this particular.

No question was made as to the form or sufficiency of the plea, and we are unable to escape the conclusion that the defense thereby set up was a bar to the second suit. In the former suit the question of desertion, either for three years or for a shorter period prior to its institution was directly in issue. Unlike the former adjudication relied upon in the plea in *Hairston* v. *Hairston*, 117 Va. 207, 84 S. E. 15, the former adjudication relied upon in the plea in the instant case involved not merely the question of a desertion for three years, but the question of a desertion at any time and for any period prior to the bringing of the suit.

In *Miller* v. *Miller*, 92 Va. 196, 23 S. E. 232, the complainant brought the suit for divorce *a mensa*, alleging cruelty and desertion, which was dismissed on the merits by decree of February 24, 1890. In 1893 she brought a suit for a divorce *a vinculo*, making the same charges as in her former bill, and adding the charge of adultery. The defendant pleaded *res adjudicata* as to the charges of cruelty and desertion. There being no proof of the charge of adultery, the trial court sustained the plea of *res adjudicata* and dismissed the bill, and its action in doing so was affirmed on appeal to this court.

In distinguishing the *Hairston Case* from the *Miller Case*, both cited *supra*, Judge Cardwell, who delivered the opinion of the court, said: "In that case (Miller Case), the record in the prior suit and the final decree disposing of it, left no room to question that this final disposition of the first case was upon its merits, including every question presented by the pleadings in the record, except as to the charge of adultery in the bill, in support of which there was no proof whatever; while in the case in judgment (Hairston Case), the decree in the prior case could not have been upon the merits thereof the same as in this second suit, but could

only have been that the plaintiff was not entitled to the divorce *a vinculo matrimonii*, upon the ground of desertion, for the reason that the proof showed that the desertion had not continued for the statutory period of three years, for in that case the preponderance of proof was that appellee had, and without sufficient or reasonable cause, deserted appellant; there being nothing in the record of the first, nor any evidence in the second, of these suits between the parties which shows that the decree in the first suit was not based solely on the ground that three years had not elapsed from the date of the desertion and abandonment of the home of appellant by appellee to the date of the suit."

The decree under review found "that the defendant has wilfully abandoned the complainant for more than three years next before the institution of this suit," which was in direct conflict with the finding of the decree of April 28, 1916, in the former suit. In other words, the decree of April 28, 1916, necessarily decided that there had been no desertion prior to December 29, 1915, the date on which the former suit was instituted, and that being true, there could have been no desertion for three years prior to the institution of the instant suit on April 8, 1918, for the simple and obvious reason that the interval between these last-named dates is less than three years. The sole issue in the instant case was whether the defendant had deserted the complainant for a period of three years as alleged in the bill, so as to be entitled to a divorce *a vinculo* as prayed for therein. Upon this issue the plea of *res adjudicata* should have been sustained, and for that reason the decree complained of must be reversed and the bill dismissed.

*Reversed.*