# Staunton.

WADE M. ROBINETTE v. ELLA KATE ROBINETTE.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*B. T. Wilson, F. C. Parks* and *L. P. Summers*, for the appellant.

*Geo. M. Warren*, for the appellee.

CHICHESTER, J., delivered the opinion of the court.

This is a suit for divorce. The husband, Wade M. Robinette, filed his bill against his wife, Ella Kate Robinette, on March 22, 1922, in which he charges her with desertion without cause, praying for a divorce *a mensa et thoro* and the custody of the two minor children. To this bill the wife filed her answer in the nature of a cross-bill and prayed for a divorce, alimony, maintenance money and the custody of the children.

On the 28th day of November, 1925, the court entered a decree dismissing the bill of the complainant, cross-bill of the respondent and denying the relief asked for in the bill and cross-bill.

At the January rules, 1928, the wife, who will hereinafter be referred to as the complainant, filed a bill in the Circuit Court of Washington county against her husband, hereinafter referred to as respondent; she charged desertion on the part of her husband and said that she was willing to return to him provided he would treat her as a husband should treat a wife and further provided that he would remove his home from the premises of his father, the home of the respondent being about a mile from his father's residence on land belonging to the latter.

Respondent filed his answer and cross-bill to this bill, denying the allegations thereof and renewing his charge of desertion, further asking for a divorce *a vinculo matrimonii*, more than three years having elapsed since the alleged desertion.

There was a great deal of testimony taken in the case, and as usual a considerable conflict. There was nothing in the evidence, however, to show cruelty or bad treatment on the part of the husband and the court in dismissing the bill and cross-bill and in refusing any further relief was fully justified in its action. The infants are now and have been since shortly after the original separation of the parties in the custody of the father who has been maintaining them at the home of his father and mother. On October 2, 1928, the court entered the decree which respondent now complains of which is the subject of this appeal. That decree, omitting the formal parts, is as follows: "Upon consideration of all of which, the court is of opinion that neither the complainant nor the cross-complainant

are entitled to a divorce, and doth so decree. As to this relief, said bill and cross-bill are dismissed.

The court is further of the opinion that the complainant is entitled to the custody of the infant children of the parties, and doth order, adjudge and decree that the complainant shall have the custody, possession and control of said infant children, Margaret Lucile Robinette and Thomas Jennings Robinette, but defendant shall have the right to visit said children at such time or times as may be reasonable and proper.

"It is further ordered, adjudged and decreed that the defendant shall pay to the complainant, for the use and benefit of said children, the sum of $20.00 per month, beginning with the first day of October, 1928, and on the first day of each month thereafter until the defendant shall provide a home for complainant and said children away from the home of his father, or other relatives, or until the further order of this court.

"It is further ordered, adjudged and decreed that the defendant shall pay to complainant's counsel a fee of $25.00 for his services and the costs of this cause.

"And this cause is ordered to be stricken from the docket with leave to reinstate the same for cause shown to the court."

The record in the original suit is made a part of the record in the instant case and while there was no formal plea of *res adjudicata*, it is clear that the question of the right to divorce was settled in the original suit and the court did not err in again dismissing the bill and cross-bill.

There were five assignments of error, as follows:

1. The court erred in entertaining the bill of complainant for any purpose because the former suit, exhibited with said bill, is *res adjudicata* of all questions made in said bill:

2. The court erred in holding that defendant must provide a home for complainant at a different place from that in which complainant and defendant formerly lived:

3. The court erred in granting alimony in favor of complainant:

4. The court erred in giving complainant the custody of the two children of complainant and defendant:

5. The court erred in refusing to grant a divorce *a vinculo matrimonii* to defendant as prayed for in his cross-bill.

1. As to the first assignment it seems to be agreed that the question of granting a divorce was ended by the first suit and with this proposition we entirely agree.

2. As to the second we think the court erred in undertaking to require the respondent to remove his place of residence from the place where he and his wife formerly lived as the same was located a mile from the home of his father and mother and was in every sense a proper and comfortable home for the parties under the circumstances. The husband had a right to select his place of residence provided his wife was not subjected to interference and indignities and there is no evidence that this was the situation in the instant case.

3. Under the circumstances it was error to decree alimony in favor of the complainant.

4. We think the court erred also in giving the complainant the custody of the two infant children. They are now living in a comfortable home where they have the advantages of a home and the care and attention of their father, their grandfather and grandmother. If they are awarded to their mother it does not appear from the record that she has any fixed

place of abode or any place to rear these minor children. This being true, as heretofore stated, we think the court erred in awarding the custody of these children to their mother. However, ample provision should have been made by the trial court not only for the mother to visit her children unmolested, but that further provision should have been made for them to visit their mother at stated intervals.

5. There was no error on the part of the court in refusing to grant a decree *a vinculo matrimonii* to the respondent as prayed for in the cross-bill. This matter was duly disposed of in the original suit.

There is the usual testimony by the husband and his witnesses that he is willing to have his wife return to him on the one hand and there is testimony on behalf of the wife that she is willing, under conditions fixed by her, to return to him.

Upon consideration of the evidence, therefore, we are of opinion that the decree should be reversed and the cause remanded to the circuit court for such proceeding as is indicated as proper under all the circumstances in the foregoing opinion.

*Reversed and remanded.*