# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

GEORGE C. MCDANIEL V. MARY FERGUSON MCDANIEL.

June 10, 1940.

Record No. 2210.

Present, All the Justices.

The opinion states the case.

*Benjamin Lovenstein* and *Rebecca P. Lovenstein*, for the appellant.

*Melvin Wallinger*, for the appellee.

SPRATLEY, J., delivered the opinion of the court.

In January, 1932, George C. McDaniel, hereinafter referred to as the plaintiff, instituted in the Circuit Court of the city of Richmond a suit for divorce from his wife, Mary F. McDaniel, whom he had married September 6, 1930. He charged that the defendant had defrauded and deceived him into marrying her by a false representation, and that she had, without just cause, deserted and abandoned him in January, 1931. He prayed for an annulment of the marriage, or for a divorce from bed and board, to be subsequently merged into a decree of divorce from the bonds of matrimony at the expiration of three years from the date of the alleged desertion.

The defendant answered the bill and denied both the fraud and the desertion.

Depositions were taken on behalf of the plaintiff, but the defendant's evidence was taken *ore tenus*.

On August 30, 1932, the trial court entered a decree directing the plaintiff to pay certain sums of money to the defendant for her support, maintenance and counsel fees. The plaintiff not complying with that decree, a contempt order was issued against him, and on November 21, 1933, a decree was entered referring the question of alimony and temporary support money to the Juvenile and Domestic Relations Court of the city of Richmond. That court ordered the plaintiff to pay to his wife the sum of $37.50 each month for her support and maintenance. The plaintiff appealed from that judgment to the Hustings Court of the city of Richmond.

In the hustings court, on October 28, 1935, a jury found McDaniel guilty of the charge of wilfully deserting, neglecting, failing and refusing to provide for the support and maintenance of his wife. The judge of the hustings court overruled a motion to set aside the verdict of the jury, and ordered McDaniel to continue the payment of $37.50 each month to his wife. The judgment of the court allowed him sixty days to file a bill of exceptions for an appeal. No bill of exceptions was filed. The plaintiff, whose earnings as a U. S. Post Office employee average $175 per month, has, since the date of the judgment against him, been required to pay to the defendant the amount allowed by the above judgment.

In the meanwhile, on May 18, 1934, the complainant, by leave of court, filed in the Circuit Court of the city of Richmond, an amended and supplemental bill. The amended bill reiterated the charge of desertion and abandonment, and prayed for a divorce from the bonds of matrimony upon the ground that more than three years had elapsed since the original desertion.

On November 22, 1938, the circuit court entered the following decree:

"This cause, which has been regularly matured at rules, docketed and set for hearing, came on this day to be heard on the bill of complaint and exhibit filed therewith, which was filed on January 2, 1932; on the answer of the defend-

ant; on the depositions taken and filed by the Commissioner on May 27, 1932; on the amended and supplemental bill filed May 18, 1934, and on the evidence taken orally in open Court after the filing of the said amended and supplemental bill, and was argued by counsel.

"On consideration whereof, it appearing to the Court from the depositions and oral evidence taken in open Court that the complainant has failed to support the allegations of the bill and of the amended and supplemental bill, and that he is not entitled to the relief prayed for therein, and that the same should be dismissed; the Court doth ADJUDGE, ORDER and DECREE that the complainant's bill and his amended and supplemental bill be, and the same are, hereby dismissed, at the cost of the complainant."

██ The judgment of the hustings court was a final adjudication that George C. McDaniel had wilfully deserted and abandoned his wife. The record of the above divorce suit and the final decree disposing of it leave no real question that it was a final disposition on the merits of every question presented in the bill of complaint, including the specific questions of fraud and desertion. The decree of November 22, 1938, from which no appeal was taken, necessarily and finally adjudicated that Mrs. McDaniel had not, prior to the institution of that suit, deserted her husband, since otherwise he would have been entitled, under the prayer of his bill, to a divorce either *a vinculo* or *a mensa*. The precise question of desertion was directly in issue.

On February 20, 1939, McDaniel brought the instant suit against his wife in the Hustings Court, Part II, of the city of Richmond. The bill in this second case rests solely upon the ground of desertion. It specifically refers to the former suit for divorce and sets out the decree of the circuit court of November 22, 1938. It undertakes to avoid the effect of that decree by again alleging that Mrs. McDaniel, in fact, deserted him in 1931 as well as on a former occasion; that, in order to effect a reconciliation, he had written her in December, 1938, and in January, 1939, requesting an opportunity to discuss their differences, so as to have her

return to him; that he had hoped that she had realized her mistake, and would return and help him make a home; and that she had refused to return upon the ground that she believed conditions would be no better than when she formerly lived with him.

The prayer of this bill is for a divorce from the bonds of matrimony, based upon a desertion alleged to have occurred on January 31, 1939, a few weeks prior to the institution of the suit.

Mrs. McDaniel filed a plea in which she set out the proceedings and final decree in the first suit for divorce as a final adjudication and determination of all matters in issue in the second suit. She also filed a supplemental plea of *res adjudicata* in which she set out the proceedings in the Juvenile and Domestic Relations Court of the city of Richmond and the final judgment of the Hustings Court of the city of Richmond, in each of which McDaniel was found guilty of desertion and non-support.

The instant case was heard upon the bill of complaint, the defendant's plea, the original record, with the exception of the evidence taken *ore tenus* in the case of *George C. McDaniel* v. *Mary F. McDaniel* in the Circuit Court of the city of Richmond, and certified copies of the orders issued by the Hustings Court of the city of Richmond in the case of *Commonwealth* v. *George C. McDaniel*. After consideration thereof, the trial court, on April 27, 1939, held that all of the matters alleged in the instant bill of complaint had been theretofore fully adjudicated by the Circuit Court of the city of Richmond, a court of competent jurisdiction, and dismissed the bill at the cost of the complainant. It is from this decree that George C. McDaniel now appeals.

■■ We cannot escape the conclusion that the defense set up by the pleas was a bar to the second suit for divorce upon the ground of the original desertion. In the former suit, as we have seen, the precise question of desertion, either for three years or for a shorter period, was directly in issue. The question of desertion was directly in issue

in the hustings court. In each court the issue was decided on its merits. In each case the issue was tried by a court of competent jurisdiction. The parties in each proceeding were the same; the cause of action the same. Neither the judgment of the hustings court nor the decree of the circuit court has been reversed, vacated or annulled. The doctrine of *res adjudicata* applies as to all matters which existed at the time of giving the judgment or rendering the decree and which the plaintiff had the opportunity of bringing before the court. *Miller* v. *Miller*, 92 Va. 196, 23 S. E. 232; *Craig* v. *Craig*, 118 Va. 284, 87 S. E. 727; *Dagner* v. *Dagner*, 125 Va. 94, 99 S. E. 567; *Robinette* v. *Robinette*, 153 Va. 342, 149 S. E. 493; *Wright* v. *Wright*, 164 Va. 245, 178 S. E. 884; 34 Corpus Juris, Judgments, section 1162.

The principal contention of the plaintiff is that the trial court erred in sustaining the defendant's pleas on the ground that the bill in the instant case alleges a new act of desertion, that is, desertion by the defendant on January 31, 1939, after the plaintiff's attempts to arrange a reconciliation.

The issue before us is therefore narrowed to the single question, viz.: Did the refusal of Mrs. McDaniel to respond to the overtures of her husband for a reconciliation constitute a desertion of him, under the circumstances of this case? Our answer is in the negative.

The record shows that Mrs. McDaniel had been forced to leave her husband on two occasions. She returned after the first occasion. After her second departure, her husband brought suit against her. He not only failed to substantiate charges of fraud and desertion against her; but he was actually found guilty in two courts of the desertion himself. The separation caused by his desertion continued for more than eight years without break, and existed at the time he brought the instant suit.

The alleged offer of reconciliation contained no apology or excuse for the plaintiff's actions; but relied on the hope of an admission by the wife that she was the party guilty of the desertion. It is not in the spirit of a *bona fide* offer to reconcile and harmonize differences. It rather smacks

of an attempt on the part of its author to put himself in a position where he might escape the obligations imposed upon him by law. The wife had ample experience and time to reach the conclusion that she owed no further duty to such a spouse.

The overtures, made after the judgment and decree rendered against the husband, came too late to have any effect upon the correctness of the courts' rulings. An actual separation existed between the parties. Its cause had been determined. The continued separation thereafter gave no new cause of action. It was justified on the part of the wife by the adjudication of courts of competent jurisdiction in proceedings which had terminated and become final. The wife had a right to rely on those findings. *Tutwiler* v. *Tutwiler,* 118 Va. 724, 88 S. E. 86.

It cannot be that the defendant, having a complete cause of action against her husband, could have that right suspended or destroyed by reason of the fact that, at this late date, the guilty spouse, still charging the wife with fault, undertook to persuade her to resume a relationship which during its former existence had brought her such tragic results.

In *Craig* v. *Craig, supra,* Craig filed a bill of complaint against his wife alleging adultery. She answered, denying the adultery, and filed a cross-bill praying for a divorce on the ground of cruelty and desertion. The evidence was taken for both parties. The court, being of the opinion that the evidence was not sufficient to sustain either the bill or the cross-bill, dismissed both. On the day following the entry of the decree of dismissal, the wife moved the court to note, as a part of the record, that before the entry of the final decree, she had moved it to allow her cross-bill to remain on the docket for the purpose of (1) giving the plaintiff an opportunity to return and resume his marital relations with her, if he would; or (2) of giving her the opportunity of taking further evidence in support of her cross-bill, if her husband refused to return and resume his marital relations with her. The court entered a decree certifying that this

motion had been made and overruled. Upon appeal to this court, the action of the trial court was affirmed. Thereafter, in March, 1914, the wife instituted another suit for divorce against her husband. In her bill, she recited the proceedings in the first suit and alleged that, after a final determination of the first suit and its affirmance by this court, she had addressed a letter to her husband asking him to return to her; and that the letter was received by her husband, but not answered. She prayed for a divorce on the ground of her husband's wilful desertion and abandonment. The husband filed a plea of *res adjudicata,* supported by the record of the first suit, and, without waiving his plea, answered and denied the allegation of the bill. The trial court, being of the opinion that the plaintiff was not entitled to relief prayed for, dismissed her bill.

Upon appeal to this court, the decree of the trial court was affirmed. Keith, P., speaking for this court, said [118 Va. 284, 87 S. E. 729] : "As we have seen, the plea of *res adjudicata* was relied upon by the defendant and sustained by the decree of the court from which this appeal was taken."

The fact that the wife had sought a reconciliation. without success, after the dismissal of her cross-bill in the first suit, did not there constitute new matter to defeat the plea of *res adjudicata.*

■ The only remaining question to be disposed of on this appeal is as to the amount of the fee to be allowed counsel for the defendant for preparing defendant's brief and arguing the case in this court. Under the circumstances, we think an allowance of $100 is a fair and reasonable fee.

For the reasons given, we are of opinion that there is no error in the decree complained of. The decree, therefore, will be affirmed, with costs against the plaintiff, including the sum of $100, allowed to defendant's counsel, taxed as a part of the costs of these proceedings.

*Affirmed.*