18597

Wesley N. INABINET, Respondent, v. Rosezenna Walker INABINET, Appellant

(152 S. E. (2d) 553)

*Messrs. Levin & Sams,* of Beaufort, *for appellant,*

*Messrs. Wright, Scott, Blackwell & Powers* and *Alvin A. Coleman, Jr.,* of Florence, *for respondent,*

January 20, 1967.

BUSSEY, Justice.

This action for divorce, commenced on November 28, 1964, is a second action for divorce on the ground of desertion brought by the respondent husband. The first action was commenced on October 24, 1956, and finally decided on appeal to this court by an opinion of this court filed February 24, 1960. *Inabinet v. Inabinet*, 236 S. C. 52, 113 S. E. (2d) 66. The opinion in the prior case, as well as the record in the instant case, shows that the husband, except for a room in his parents' home and access to the rest of the house, has never provided a home for his wife and child. The record in neither action suggests that the means of the husband were insufficient to provide for his family a home of their own.

In the former action a divorce was denied the husband, the wife being held justified in leaving the home provided with her parents-in-law. The following is quoted from the opinion in that case,

"We think that the circumstances of this case warranted the holding of the trial judge that the acts and words of respondent's parents-in-law were such as to make her life in their home intolerable and to justify her in leaving that abode."

. In the instant action the County Judge granted the husband a divorce on the ground of desertion; awarded the wife $75 a month for the support of the child of the parties during his minority, and also awarded the wife the sum of one hundred dollars for attorney's fees and costs. The

wife appeals only from the portion of the decree which granted the husband a divorce.

The decree of the lower court granting the husband a divorce on the ground of desertion is relatively brief and contains no discussion of the applicable law or citation of authority. It is, however, patently predicated on the theory that the wife became guilty of desertion as a result of having declined a *bona fide* offer of reconciliation on the part of the husband. The only pertinent finding of fact contained in the decree is as follows,

"Plaintiff's mother died in 1958; plaintiff offered defendant a home but defendant has refused to live with him."

The record shows that the mother of the husband died on November 1, 1958; that she owned the residence in which the parties formerly occupied a room, and that she devised the same to her husband, who was then about 62 years of age, for life, with the remainder to her son, plaintiff in this action. The precise terms of the will do not appear of record. The only evidence as to an offer of reconciliation by the husband is his testimony. He testified that while his mother was laid out at the funeral home, he told his wife, "The court denied me my divorce because of my mother; now she is dead and you may come back if you like."

He further testified that on some unspecified date, "I told her she was welcome to come back when she wanted to, but she never did." In her testimony, the wife categorically denied any such statements had ever been made.

The testimony of both parties shows that the efforts of the County Judge toward a reconciliation between the parties (prior to the trial of the instant action on April 22, 1966) was unavailing because the husband, but not the wife, opposed a reconciliation. The testimony of the parties as a whole, to our minds, casts grave doubt upon whether the husband ever made the conciliatory statements to the wife which he alleges. Bearing in mind, however, that the

County Judge saw and heard the witnesses, and was in better position than we are to evaluate their credibility, we will assume for the purpose of this appeal that such statements were made.

There is authority for the proposition that the rejection of a *bona fide* offer of reconciliation and the voluntary refusal to renew suspended cohabitation, without justification, constitutes desertion on the part of the party refusing to resume cohabitation. It is prerequisite, however, that an offer of reconciliation, to be sufficient, must be made sincerely and in good faith. In 27A C. J. S., Divorce, § 38(2), p. 128, it is said,

"The offer of reconciliation must be made sincerely and in good faith, and whether it is so made is to be determined in the light of all of the circumstances, * * *. The offer must be made with the desire and intention that it be accepted and carried out in accordance with the performance of the duties of matrimonial cohabitation. The offer must not be merely colorable or made merely to lay a foundation for, or to defeat an action for, divorce."

In the case of *Briggs v. Briggs,* 24 S. C. 377, a separate support and maintenance action, this court said,

"It does not strike us that the rule, which declares that an offer to take back should condone all past offences, is fully satisfied by a cold, formal proposition to give the wife of his youth and the mother of his children merely house room and supplies sufficient to appease hunger and support animal life. The heart of a true wife craves and is entitled to something more than that. As we understand it, the invitation back which the rule contemplates is a cordial overture by the husband to return to the bosom of his family, and there, as its head, to discharge her household duties and to be cherished and supported as a wife should be, and be treated with respect and conjugal love and tenderness."

When all of the circumstances reflected by the record in the instant case and the prior litigation between the parties are considered, we think it clear that

the husband has not sustained the burden of proving that the wife is guilty of desertion so as to entitle him to a divorce on that ground. That the wife was not guilty of desertion, prior to any *bona fide* offer of reconciliation, is now *res judicata* by virtue of the former decision, which case was still pending at the time of the alleged offer of reconciliation by the husband.

While the opinion in that case reflects that the mother ■ of the husband was a primary cause of unhappiness in the home, the conduct of his father was also a cause. Upon the death of the mother, the father came into ownership and possession of the home for life. The father was still living and in possession of said home at the time of the trial of the instant action. The record does not suggest that the wife was ever advised, up until the time of the trial of the instant action, that the husband had even a remainder interest in the home, and there is no proof in the record that the father had reformed or mended his ways at the time the alleged offer of reconciliation was made by the husband.

Under the circumstances, the offer which the husband allegedly made amounted to nothing more than mere permission to the wife to return to an unhappy home, which the husband neither owned nor controlled, and from which only one of the causes of friction and unhappiness had been removed by death. His alleged offer contained no apology or excuse for the prior shortcomings of the husband, which caused the separation of the parties, and nothing to indicate that the husband sincerely desired that his offer be accepted or that the wife's lot in life would be a happy one if she did return. Instead of evincing any willingness to atone for his shortcomings, he was still engaged in attempting to charge her with desertion in the former action.

We conclude that, even accepting the husband's testimony as literally true, he has failed to prove a *bona fide* offer of reconciliation, the refusal of which would constitute

the wife a deserter and entitle the husband to a divorce on that ground. A case very nearly in point on the facts, where an alleged offer of reconciliation was held to be not *bona fide,* is that of *McDaniel v. McDaniel,* 175 Va. 402, 9 S. E. (2d) 360.

The cases of *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123; *Miller v. Miller,* 225 S. C. 274, 82 S. E. (2d) 119, and *Wolfe v. Wolfe,* 220 S. C. 437, 68 S. E. (2d) 348, relied upon by the respondent husband, actually support our conclusion that the husband here has failed to sufficiently prove a *bona fide* offer of reconciliation. In both *Mincey* and *Miller* the alleged offers were held to be not *bona fide,* and in *Wolfe,* where the offer was held *bona fide,* the husband offered to build for his wife a home separate and apart from the home of his parents, which offer the wife declined.

For the foregoing reasons, the judgment of the lower court granting the husband a divorce is reversed.

Reversed.

MOSS, C. J., LEWIS, J., and LIONEL K. LEGGE and GEORGE T. GREGORY, JR., Acting Associate Justices, concur.