## CIRCUIT COURT OF THE CITY OF RICHMOND

Esther Paz Schmidt

v.

Edward F. Schmidt, Jr.

June 21, 1988

Case No. LL-1209-3

By JUDGE T. J. MARKOW

This case involves a divorced couple whose premarital agreement as to property distribution was found valid and binding by this court on December 4, 1987, after which a final decree of divorce was entered.

The plaintiff in this legal action alleges that the husband spouse's promise during their marriage that he would "always take care of her" and his statement that "she need not worry financially" constituted a new and subsequent agreement, the enforcement of which is not barred by the doctrine of *res judicata*.

Defendant husband claims that the legal effect of his oral promises has already been adjudicated and cannot be the basis for a new cause of action since this court has determined that such representations, if made, are mere recitals of a spouse's pre-existing legal duty to support his wife and do not constitute valid and independent consideration.

The court finds that the doctrine of *res judicata* bars this action at law for damages for fraudulent misrepre-

sentation in that her allegations in this law action were in issue and decided in the earlier divorce proceeding.

According to *McCotter v. Carle*, 149 Va. 584, 140 S.E. 670 (1927), when a subsequent case pertains to the same cause of action, the former judgment estops the parties as to former matters litigated or which might have been litigated as part of such cause. 140 S.E. at 673. The general principles of *res judicata*, under which a party becomes barred, involve a former record and judgment between the same parties upon the same cause of action, or if not the same cause of action, a situation in which the party is estopped to assert a matter in issue because it was adjudicated in a former case. *Id.* at 672.

The *McCotter* case concerned facts where a divorced husband was sued by his former wife for money lent and room rent furnished prior to their marriage. The defendant advanced the defense that this matter could not be raised since it could have been litigated in an earlier divorce action wherein the divorce had been denied. The *McCotter* court found that the defense was untenable because a spouse's assertion of a property right could not, under the applicable law at the time, be interjected into a divorce suit where the divorce is denied. In rejecting the defense of *res judicata*, the *McCotter* court confined the situation in which this defense would be proper to cases where a divorce is granted. *Id.* at 674.

Other Virginia cases under similar facts suggest that Esther's claim for damages at law is barred because the issue was decided adversely to her in the divorce action. For example, in *Craig v. Craig*, 118 Va. 284, 87 S.E. 727 (1916), the court confronted a situation where the husband sued for divorce, the wife charged desertion and cruelty in her cross-bill, but she failed to introduce evidence to establish her charges. The lower court determined that the evidence was insufficient and in its decree stated that the allegations in the cross-bill were not proved so as to entitle the wife to affirmative relief. The *Craig* court held that this ruling was a complete adjudication, conclusive in the wife's subsequent suit for divorce, of the issues which were raised or might have been raised upon all the evidence which had been or might have been introduced in support of the allegations of the cross-

bill. 87 S.E. at 729-30. In support of its decision, the court cited the following proposition:

> Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to the litigation to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation, in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case.

*Id.* at 730.

Similarly, in *McDaniel v. McDaniel*, 175 Va. 402, 9 S.E.2d 360 (1940), a husband brought an action for divorce on the grounds that his wife had defrauded and deceived him into marriage by false representations and subsequently deserted him. The Virginia Supreme Court held that the decree of dismissal for failure of the depositions and oral evidence to support the husband's allegations in his bill was a final disposition on the merits of the question of fraud and desertion. Moreover, this prior decree dismissing the complaint in the divorce suit brought by the husband was *res judicata* of the issue of the wife's desertion in the husband's subsequent divorce suit, where the precise question of the wife's desertion was directly in issue in the prior suit. 9 S.E.2d at 362.

Specifically, the *McDaniel* case stated:

> We cannot escape the conclusion that the defense set up by the pleas was a bar to the second suit for divorce upon the ground of the original desertion. In the former suit, as we have seen, the precise question of desertion, either for three years or for a shorter period, was directly in issue. The question of desertion was directly in issue in the hustings court. In each court the issue was tried by a court of competent jurisdiction. The parties in each case were

the same; the cause of action the same. Neither the judgment of the hustings court nor the decree of the circuit court has been reversed, vacated or annulled. The doctrine of *res adjudicata* [sic] applies as to all matters which existed at the time of giving the judgment or rendering the decree and which the plaintiff had the opportunity of bringing before the court.

*Id.* at 363. *Accord Dagner v. Dagner*, 125 Va. 94, 99 S.E. 567 (1919).

In the present case, Edward's statements to Esther that he would take care of her were directly in issue during the divorce action.

Esther could have and should have brought in the divorce action the fraud allegations based on these identical facts that she brought at the same time in the action at law. Although the causes of action are not precisely the same, as the *McCotter* case discussed, Esther should be estopped from bringing this matter because it was formerly adjudicated. *McCotter v. Carle, supra*, 140 S.E. at 672.

Two Alabama cases provide further support for this conclusion. *Weil v. Cammon*, 503 So. 2d 830 (1987), held that where the husband's alleged misrepresentation that he would take care of his wife financially for the rest of her life if she married him was in issue in the divorce action, the husband's conduct could not be the basis for a subsequent independent action for damages. The *Weil* court based its decision in part upon the merger of law and equity and the liberal joinder of the rules of civil procedure existing in Alabama. The *Weil* court noted:

> In this case the wife asserted the alleged fraud and misrepresentation of her husband in support of her claim for alimony. This she had a right to do, as his conduct toward her was a matter for the court's consideration on the issue of alimony. *Steiner v. Steiner*, 254 Ala. 260, 48 So. 2d 184 (1950). She may not thereafter bring an action for damages based upon the same allegations. In *Jackson v. Hall*, 460 So. 2d 1290 (Ala. 1984), the court held

that a prior divorce judgment was an absolute bar to a subsequent tort action for damages based upon an alleged assault and battery which had been one of the grounds for the divorce. The court expressly held that under those circumstances *res judicata* barred the wife's action. The same result is compelled under the facts of this case.

*Id*. at 832.

*Jackson v. Hall*, 460 So. 2d 1290 (Ala. 1984), discussed in *Weil*, held that a divorce settlement agreement, that the wife accept a sum of money in full settlement of all claims between the parties and which expressly made a full, final and complete settlement of all property and other matters between the parties, clearly demonstrated an intent on the part of the wife to make a final settlement of all claims, including her claim for assault and battery which allegedly occurred within the period of the parties' marriage and prior to the agreement and divorce decree. The divorce decree and settlement agreement barred any subsequent suit by the wife against the husband for assault and battery. 460 So. 2d at 1292.

Although Virginia retains the division between law and equity, the *McCotter* case held that when a court of equity has acquired jurisdiction of a case on any equitable ground, it will proceed to grant complete relief, even to the extent of enforcing legal rights. *McCotter v. Carle, supra*, 140 S.E. at 673. Pursuant to the preceding authority, Esther should have asserted all her claims based upon identical facts in issue in the divorce proceeding. Having failed to do so, her action at law should be dismissed.